# Devor *against* M'Clintock.

Upon the erection of a new county out of part of an old one, the latter may enforce the payment of taxes due before the separation by a treasurer's sale ; and upon such sale being made and a purchase by the county, it is bound to pay the taxes which accrue subsequent to the division; and if they be not paid, the new county may collect them by a treasurer's sale of the land, and the purchaser will have a title superior to one made by the commissioners of the old county.

A bond given to the treasurer for the surplus money " arising from the sale of a tract of unseated land to the said J. M., situate in Rye township, in the county of Perry, containing twenty acres," is sufficiently descriptive of the land.

ERROR to the Common Pleas of *Perry* county.

John M'Clintock against James H. Devor, Esq. This was an action of ejectment for twenty acres of land, in which each party claimed under the same original title.

The land was originally in Cumberland county, and that part of it which was erected into a new county, called Perry, in 1820. Taxes were regularly assessed upon it in Cumberland county from 1796 to 1809, and in 1824 it was sold for their payment by the treasurer of Cumberland county, and the commissioners became the purchasers. In 1831 they sold the land, and the defendant became the owner of that title.

Taxes were also assessed upon it in 1823-4-5, by the commissioners of Perry county, and their treasurer sold it for their payment, in 1830, to John M'Clintock, the plaintiff, who received a deed therefor, and gave a bond for the surplus purchase money, which thus described the land : " being the surplus money arising from the sale of a tract of unseated land situate in Rye township, in the county of Perry, containing twenty acres."

The positions taken by the defendant below were : that the land was not subject to assessment and sale while it belonged to the county of Cumberland, and that the surplus bond should not have been received in evidence, because it was not sufficiently descriptive of the land.

HEPBURN, President, ruled both these points in favour of the plaintiff, for whom the jury rendered a verdict.

*Tod* and *Devor*, for plaintiff in error, on the first point referred to the Act of 1820, dividing Cumberland county, *Pamph. Laws* 92, sec. 5; 5 *Watts & Serg.* 540, 426; 4 *Serg. & Rawle* 355; 6 *Watts & Serg.* 475; 3 *Watts & Serg.* 328; 6 *Watts & Serg.* 520. As to the bond not being sufficiently descriptive, 7 *Watts* 474.

*Watts*, for defendant in error, cited 6 *Watts & Serg.* 520; 13 *Serg. & Rawle* 360; 1 *Watts & Serg.* 166.

[Devor v. M'Clintock.]

The opinion of the Court was delivered by

GIBSON, C. J. — The land in dispute was sold by the treasurer of Perry county, for taxes assessed on it after the organization of that county; and *primâ facie* the plaintiff, who became the purchaser, therefore has a title. Against it the defendant sets up a previous sale by the treasurer of Cumberland to the commissioners of that county, who had bid the land off under the fifth section of the Act of 1815; and a conveyance from those commissioners to the defendant's vendor, a short time subsequent to the conveyance by the treasurer of Perry to the plaintiff. Thus, it is seen, the sale to the plaintiff was for taxes assessed by Perry while the land was the property of Cumberland; and why shall it not prevail against Cumberland or its vendee? It is not disputed that it would have prevailed had Cumberland conveyed before the taxes were assessed; but what matters it whether the land, at the time of assignment, was the property of a county or of an individual? A county is not even a quasi sovereign in matters beyond its confines; and when it owns land, as it may, within another jurisdiction, it is bound to pay the charges on it, like any other corporation. What, then, was to be done? Cumberland was bound to pay the taxes due on its land to Perry; and having done so, it would have been at liberty to charge the land with the amount, in addition to the taxes due to itself. But it is said the words of the statute authorize the commissioners to charge lands bid off by them for the county with no other taxes than those assessed by themselves. It is certain that the present case has not been provided for by the letter of the enactment, but it is decisively within the spirit and meaning of it. In point of reason, it is indifferent which county has assessed the tax, as the land must bear its burthen somewhere; and by charging it in Cumberland, it would have been discharged of just so much in Perry. A disbursement by Cumberland in ease of the land in Perry would not have been officious, but a payment on compulsion, which is equivalent to previous request; for it was absolutely necessary to the preservation of Cumberland's title that it should discharge the taxes owing to Perry; and justice would have required the land to be charged with so much as taxes due to Cumberland. We have determined that a county may sell for taxes after the land has passed from its jurisdiction; and as it may sell, so may it buy. But it would be of little use to buy, by paying out of its treasury more than could be brought into it on a resale. Cumberland, therefore, was bound to pay the taxes assessed on its land by Perry; and having failed to do so, its title passed by the sale to the plaintiff.

The objection that the bond is not sufficiently descriptive of the land is unfounded. The condition is to pay the surplus money " arising from the sale of a tract of unseated land to the said John M'Clintock, situate in Rye township, in the county of Perry, containing twenty acres." This description is

[Devor v. M'Clintock.]

conveniently certain, and policy requires that no more should be exacted. The bond which was held insufficient in *Bartholemew* v. *Leech*, (7 *Watts* 472,) had nothing in it which could be referred even remotely to the land for purposes either of notice or of lien; here it can be traced to the land with certainty, which is all that would be necessary to put a purchaser on inquiry.

Judgment affirmed.