### J. B. DEASON v. A. D. DIXON.

1. TAX. *Assessment. City.*

    The authorities of a city, whose charter authorizes the county assessment roll to be taken for property valuation, must fix the rate of city taxation to enable its collection, but need make no assessment.

2. SAME. *Injunction against sale. Collector's bond.*

    A bill to enjoin a sale of real estate for taxes, on the ground that the collector has given a defective bond, cannot be maintained (if at all) after the defect has been cured by the parties interested.

3. BROOKHAVEN. *Sale day of delinquent tax lands.*

    The act of April 9, 1873, amending the charter of the city of Brookhaven, changes the time for selling property delinquent for taxes from first Monday in August to first Monday in May.

4. CHANGE OF MUNICIPAL BOUNDARIES. *Effect on tax lien.*

    The power of city authorities to sell land delinquent for taxes, which was within the city when the taxes, by law a lien thereon, fell due, but which, by amendment of the city charter changing its boundaries, is before sale day outside the new boundaries, is lost, if no provision is made by law as to the lands cut off; but the owner is not released from the taxes, and his property remaining within the city can be sold for the entire tax.

APPEAL from the Chancery Court of Lincoln County.

Hon. THOMAS Y. BERRY, Chancellor.

J. B. Deason filed this bill against A. D. Dixon, city marshal of Brookhaven, to enjoin him, as city tax collector, from selling an office and a tract of land belonging to the complainant, on the grounds that there was neither city assessment nor notice of one; that the defendant had not given bond, as required by the city charter; that he had advertised the sale for

first Monday in May, while the charter fixed first Monday in August; and that the tract of land was without the corporate limits. The answer averred that, while there was no city assessment, the charter provided that the county assessment should control; that the bond, which by mistake was given to the State, had, prior to the filing of the bill, been made payable to the board of mayor and aldermen; that the amendment to the charter fixed the sale day in May; and that the tract of land was within the corporate limits when the taxes, which were a lien thereon, became due, but had since, by amendment of the charter curtailing the city limits, been placed outside the corporation lines.

The material parts of the charter of Brookhaven are:—

"SECT. 8. That the city marshal, whose election is provided for in this act, shall, by virtue of his office, be also the city tax collector, and shall, before entering on the duties of his office, execute, in favor of the board of mayor and aldermen, two bonds, one as tax collector and one as marshal, with good and sufficient sureties to be approved by said board in such penalties and conditions as said board shall direct, said bonds to be filed in the office of the mayor of the city, and be sued on in the name of said board, if default shall be made by such officer.

"SECT. 9. That said city tax collector shall, between the first day of January and the first day of April in each and every year, proceed to collect all taxes due the city on all persons and property assessed by the board of mayor and aldermen, taking for the property valuation the assessment roll of the county of Lincoln; that he shall have power, and it is his duty, to advertise for sale all property the taxes on which are not paid on the first day of April, in the same manner and for the same length of time as required by law of the several county tax collectors of this State, . . . and to offer the same for sale, to the highest bidder, for the taxes delinquent thereon, or so much thereof as may be necessary to pay the same, at the market-house in said city, on the first Monday in August of each and every year."

The amendment approved April 9, 1873, provides that § 9 of the charter be, and the same is hereby, so amended as to require the city tax collector, in enforcing collection of taxes due the corporation by sale of lands, to proceed in the manner

directed and provided in § 9, c. 3, Code 1857 ; and so much of said section as relates to the advertisement, sale, conveyance and redemption of lands for the non-payment of State and county taxes be, and the same is hereby, re-enacted and made a part of the charter of the city of Brookhaven. The sale day fixed by § 9 Code 1857, p. 79, is first Monday in May.

From a decree upon the merits dissolving the injunction and dismissing the bill the complainant appealed.

*Harris & George*, for the appellant.

1. A city assessment was necessary under the charter. Blackwell on Tax Titles, 106, 644. The bond was void, and could not be cured by amending it after the assessment. The charter fixed the sale day in August.

2. The city marshal's power being confined to the city limits, a special clause in the statute, which curtailed the corporation, was necessary to preserve the power to sell the land left outside.

*A. C. McNair*, for the appellee.

1. The amendment to the charter fixes the sale day in May. On the facts proved, the other points are easily determined. Cooley on Taxation, 323 ; 20 Ark. 277 ; 65 Penn. St. 510 ; 25 Penn. St. 377.

2. The tax collector of Brookhaven had power to sell the land. Cooley on Taxation, 14 ; 11 Ohio, 98 ; 17 Cal. 471 ; 16 Ohio, 466 ; 9 Watts & Serg. 80 ; Blackwell on Tax Titles, 295, and authorities cited.

CHALMERS, J., delivered the opinion of the court.

There is no force in the objection that there had been no assessment of taxes by the board of mayor and aldermen. The charter authorizes the city authorities to take for the valuation of property within the corporate limits the assessment roll of the county. It was only necessary, therefore, that the board should fix the rate of taxation for city purposes, which was done. This authorized the city marshal to proceed with his collections, using the county assessment roll of all property within the corporate limits.

There is no force in the objection that the marshal had executed a defective bond. If the tax-payer could refuse to pay

taxes on this account under any circumstances, it is shown here that the defect in the bond had been cured by the parties interested before the filing of this bill.

The supplemental and amendatory act of the legislature of April 9, 1873, had the effect of changing the time of making sale of property delinquent for taxes from first Monday in August to first Monday in May. There is, therefore, no force in the objection that the sale was about to be made on an improper day.

A portion of the complainant's real estate, which was about to be sold, had, by an amendment to the charter curtailing the limits of the town, been placed outside the corporate limits. It was within the city boundaries when the taxes became due and payable, but was outside them before the day for selling delinquent property arrived. The taxes are by law made a lien on delinquent realty, but no provision was made by the act curtailing the city limits for the future sale of any portion of the excised property for the taxes already due. Can the city marshal sell under these circumstances? It was held, or rather assumed without argument, in *Devor* v. *M' Clintock*, 9 Watts & Serg. 80, that where, in the formation of a new county, a tract of land was included within its limits which was already delinquent for taxes in the county from which it was taken, the tax collector of the old county could sell it at the court-house door of the old county, though it was situate on the day of sale within the limits of the new one. This is the only authority bearing on the point that we have been able to find, and it is a statement rather than an adjudication. It is not satisfactory to our minds. The authority of a local tax collector is limited to the territory of his district. The power to sell property for taxes is *stricti juris*, and must be clearly given before it can be exercised. The excision of territory from the district of a tax collector must terminate his power to sell it, unless otherwise provided by law. There is something so incongruous in the idea of an officer of one county selling for taxes real estate situate in another, or of a city tax collector selling property in the country, that nothing short of an express statute would seem to warrant it.

If the State of Mississippi should cede a portion of her terri-

tory to the State of Alabama, no one would contend that a Mississippi tax collector could thereafter make sale of any portion of the territory so ceded. The comparison, if not entirely parallel, is analogous. Apart from the fact that the States are, as to each other, separate governments, the principal difference would seem to be, that, where the territory is transferred from the city to the country, or from one county to another, the legislature making the change may adopt such regulations as it chooses; whereas, when the cession of territory is from one State to another, the regulations as to unpaid taxes must be jointly agreed on by both States. But in the case at bar, the legislature failed to make any provision on the subject. The power of the city authorities to make sale of land cut off from its limits is, therefore, lost.

This does not release Deason from the debt due by him, but his property remaining within the corporate limits is bound, and may be sold for the entire tax due. Code 1871, § 1665.

*Decree reversed; injunction perpetuated as to the property outside the city, and dissolved as to the rest.*