VICKSBURG WATERWORKS COMPANY *v.* VICKSBURG WATER SUPPLY COMPANY.

1. TAXES. *Liability. Code* 1892, § 3746. *Date of lien.*

Taxes, which by law (code 1892, § 3746) operate as a lien on property from the first of February in each year, constitute a liability from that date, although the amount is not fixed until the levy is made in September following.

2. SALE OF PROPERTY FREED FROM LIABILITY. *Who to pay taxes.*

A contract, made after the first of February, to sell property freed from all liability, requires the seller to pay the taxes of the current year.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

The Vicksburg Waterworks Company, appellant, was plaintiff in the court below; the Vicksburg Water Supply Company, appellee, was defendant there.

On the 23d day of March, 1900, appellee entered into a contract with one Crumpler, whereby it agreed to sell to Crumpler the property of the Vicksburg Water Supply Company after an inspection of the property by Crumpler, and on its proving satisfactory to him. This contract was assigned by Crumpler to the Vicksburg Waterworks Company for a valuable consideration. The contract provided that all the liabilities of the Vicksburg Water Supply Company should be liquidated or provided for by the vendor. On the 8th day of August, 1900, the purchase money was paid, and the contract consummated as provided in the contract of March 23, 1900. The property was all located in the city of Vicksburg. The real and personal assessment roll for Warren county, for the year 1900, was approved by the board of supervisors September 8, 1900, and the levy made September 5, 1900. The city assessment roll of real and personal property was approved by the mayor and board of aldermen September 7, 1900, and the levy of the city taxes was made October 15, 1900. The taxes on this property were paid for the year 1900 by the Vicksburg Waterworks Company, and it brought this suit against the Vicksburg Water Supply Company to recover of it the amounts paid for state, county, and city taxes, alleging in its declaration the foregoing facts. Defendant filed a demurrer to the declaration. The cause of demurrer relied on was that the declaration failed to show that the sum paid for city and county taxes was a liability of the defendant on the 23d day of March, or the 8th day of August, 1900. This demurrer was sustained. Plaintiff declined to plead further, and there was a judgment for the defendant. Plaintiff appealed to the supreme court.

*S. S. Hudson,* for appellant.

There is no conflict in the decisions or the law writers as to the time when the lien for taxes attaches and becomes a liability and a charge upon the property, if the date is fixed by the statute of the state where the property is situated, and when so fixed it will determine as between vendor and vendee. Cooley on Taxation (2d ed.); *Harrington* v. *Hilliard,* 27 Mich., 271; *Cooper* v. *Corbin,* 105 Ill., 224, s.c., 8 Am. Rep., 296.

No lawyer in the state ever doubted that the purpose of the provision making the tax a lien upon the land was to settle the question as between successive owners of the land which of them ought to pay the tax, all agreeing that if conveyed before the day when the lien was made to attach, the vendee must pay the tax of that year; the provision was required for no other purpose, and could take effect in no other way. Desty on Taxation, 736; *Fairchild* v. *People,* 94 Ill., 252; Code 1892, § 3746.

*Shelton & Ricks,* for appellee.

In 18 Am. & Eng. Enc. Law (2d ed.), 846, we find the following very clear and comprehensive definition of liability:

"Liability is defined to be responsibility, the state of one who is bound in law and justice to do something which may be enforced by action. The liability may arise from contract, either expressed or implied, or in consequence of a tort committed."

We find among other definitions given in the notes to the above text the following: "Liability signifies the condition of affairs which give rise to an obligation to do a particular thing to be enforced by action. *Hill* v. *Frazier,* 22 Pa. St., 323.

It seems to us very clear, guided by the light of the above decisions and definitions, and by a reasonable construction of the language and the spirit of this contract, that the words

liabilities of the company, as used in the contract, means the existing indebtedness of the company at the time of the contract. It certainly was not the intention to assume a responsibility for liabilities to arise after the transaction, and such a construction carried to its natural and logical, though absurd, conclusion would mean that the Water Supply Company should be made to bear all expenses of the plant, and the Waterworks Company reap all the benefits.

The statutory lien is not perfected in the manner prescribed by the statute authorizing it until an assessment has been made according to law. The transfer took place March 23, or August 6th, it matters not, and the declaration shows that the assessment for state and county taxes was not completed until September 8th, and for city taxes September 7th.

Careful and minute provision is made by law for the assessment of all property and persons subject to taxation, and if any omission occurs, it may be corrected by the assessor at any time before final action by the board of supervisors, and if still omitted, the collector may add such person or property while the roll remains in his hands; and if such person or property is not discovered until a subsequent year, he or it may then be assessed, and the tax imposed whenever the discovery of the omission is made. But throughout the whole scheme the provision is prominent of an assessment by the executive officer, and control and review of this action by the board of supervisors, where the taxpayer may be heard.

To hold that at the time of the transfer of the property, a lien had attached for taxes not yet assessed, and which might possibly never be assessed, would be in violation of the constitution, and if no other construction can be given, the statute is unconstitutional.

Even if we grant for the sake of argument that a lien for the taxes had attached to the property at the time of the transfer, still the statute creates no liability whatever against the owner of the property, but gives a right to proceed against the

property itself. The statute does not act in *personam;* it creates no liability whatever against anybody.

The legislature appreciating the inability of this section to reach the person, have passed another, a more recent statute. It is as follows: "Every lawful tax levied or imposed by the state, or by the county, city, town, village or levee board, is a debt due by the person or corporation having the property or doing business upon which the tax is levied, or imposed, whether assessed or properly assessed or not, and may be recovered by action. In all actions for the recovery of taxes, the assessment roll shall only be *prima facie* correct." Code 1892, § 3747.

Clearly and undoubtedly this statute cannot be taken to create a debt until the levee has been made.

CALHOON, J., delivered the opinion of the court.

On a sale of its properties by the appellee it was stipulated that all its "liabilities" should be, by it, "liquidated or provided for." The conditional contract of sale was agreed upon on March 23, 1900, to be concluded if certain facts were ascertained on a "satisfactory examination" into its affairs. This contract was concluded August 8, 1900, "subject to all the provisions of the agreement to sell of date March 23, 1900." The contention of the appellee is that the lien for taxes fixed as of February 1st of each year by the statute was not a "liability" which it was required to "liquidate or provide for" under the contracts. We think that it was. True it is that the amount of the "liability" was not ascertained until the following September by the authorized authorities, but the "liability" was there, to relate back by law to the 1st of February. *Long v. Moler,* 5 Ohio St., 271, is precisely in point, and we approve this case. There is no authority *contra* that we know of. 3 Washb. Real Prop. (3d ed.), top p. 393; Rawle Cov. (3d ed.), 113; 8 Am. & Eng. Enc. Law (2 ed.), 127, 128.

*Reversed and remanded.*