CITY OF DETROIT v. PATTEN.

MUNICIPAL CORPORATIONS — DETROIT CHARTER — TAXES — WHEN
BECOME A DEBT.

> Under section 9, chap. 10, of the charter of Detroit, city taxes
> become a debt against the owner from the time of the listing
> of his property for assessment by the board of assessors, which,
> under other provisions of chapter 10, occurs prior to April 1st.

Error to Wayne; Hosmer, J.   Submitted February 16,
1906.   (Docket No. 183.)   Decided March 5, 1906.

Assumpsit by the city of Detroit against John H. Patten for taxes.   There was judgment for defendant on a verdict directed by the court, and plaintiff brings error.
Reversed.

*Frank E. Doremus*, for appellant.

*C. A. Kent*, for appellee.

HOOKER, J.   The appellant brought an action of assumpsit to collect a tax assessed against the defendant upon personal property.   It was defeated upon the claim that the defendant, being a nonresident, was not subject to taxation upon personal property in this State.   The material facts can be briefly stated.   The general tax law contains the following provisions:

"All personal property, except as hereinafter provided, shall be assessed to the owner in the township of which he is an inhabitant, on the second Monday of April of the year for which the assessment is made.

"This act shall be applicable to all cities and villages where not inconsistent with their respective charters. With such exceptions, the provisions herein as to supervisors, township treasurers and boards of review, shall include all assessing and collecting officers and all boards whose duty it is to review any assessment roll."   1 Comp. Laws, §§ 3836, 3930 (sections 13, 107, of tax laws).

Chapter 10 of the Detroit charter contains the following:

"SEC. 2. The board of assessors shall before the first day of April in each fiscal year assess at its true cash value all the real and personal property subject to taxation by the laws of this State within the limits of each ward respectively of 'said city, and said board shall, within the same period, make out and complete the assessment rolls, one for each ward, in books to be provided for that purpose by the common council." Act No. 326, Local Acts 1883.

"SEC. 6. It shall be the duty of the board of assessors to cause a notice to taxpayers of said city to be published in the daily newspaper published by the printer for said city and in one other daily newspaper published in said city for two weeks prior to the first day of April in each year, that the assessment rolls will be completed on the first of April." Act No. 472, Local Acts 1901.

The defendant, being a resident of Detroit, removed therefrom to Windsor, Ontario, on April 2, 1900, where he has since resided. On April 3, 1900, he wrote a letter to the board of assessors, stating that he was a resident of Windsor, and giving his street address. Before April 1, said board assessed him upon a valuation of $37,400, mortgage credits, a tax of $597.68, which, with interest to the time of trial, amounted to $833.58.

It is contended by counsel for the plaintiff that in Detroit the tax becomes a debt against the property owner on the day provided by the charter for the completion of the rolls by the board of assessors. Charter, chap. 10, § 2. On the other hand, counsel for the defendant urge that section 13 of the general tax law has application to all cities, as well as to all townships, and fixes the time when taxes shall become a charge against the owner, and that, although the charter requires the assessment to be made earlier, it should be so construed as not to conflict with section 13 of the general law, for the reason that any other rule would produce confusion and double assessment.

There is nothing inconsistent with such a construction in the section quoted, for the reason that while section 13 explicitly provides that all property shall be assessed to the owner in the township (and city, see section 107) of which

he is an inhabitant on the second Monday in April, etc., the charter provision (section 2, chap. 10) is silent as to when property shall be assessed to the owner, though it provides an earlier date for the completion of the rolls. There is nothing in the general law to prevent completion of the rolls before the second Monday in April, and doubtless they are often prepared, and indeed in practice must be, before that date. Section 18 (1 Comp. Laws, § 3841) requires work of this nature. It says:

"It shall be the duty of each supervisor or other assessing officer, as soon as possible after entering upon the duties of his office, or as may be directed and required by the provisions of any acts of incorporation of any city or village making special provision for such assessment, to ascertain the taxable property of his assessing district and the persons to whom it should be assessed and their residences."

We recognize the general rule that the assessment becomes conclusive upon the day when the law requires the roll to be completed, where not inconsistent with other provisions. We are of the opinion, however, that the charter settles the question. Doubtless it is within the legislative power to fix a different date for city taxes to become a debt, than that provided by law for the general State, county, and other taxes. Section 9, chap. 10, as amended by Act No. 472, Local Acts 1901, provides that "all city taxes shall become a debt against the owner, from the time of the listing of property for assessment by the board of assessors," etc. In view of this provision we must hold that as to city taxes, the defendant is liable. The limitation of this provision to city taxes emphasizes the defendant's contention as to other taxes, and justifies the inference that it was the legislative intention to leave such taxes to be governed by the general tax law. The city taxes are provided for in chapter 11 of the charter.

We are constrained to reverse the judgment. A new trial is ordered.

McAlvay, Grant, Montgomery, and Moore, JJ., concurred.