ADAMS, STATE REVENUE AGENT *v.* LAMB FISH LUMBER Co.

[75 South. 378, Division A.]

MUNICIPAL CORPORATIONS. *Taxation. Change in boundaries.*

Property situated within the corporate limits of a municipality on the first of February of any year is liable for the municipal taxes of that year, though later removed or excluded from the city limits before the assessment and levy of these taxes.

APPEAL from the chancery court of Tallahatchie county.

HON. JOE MAY, Chancellor.

Suit by Wirt Adams, State Revenue Agent, against the Lamb-Fish Lumber Company. From a judgment for the defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Mayes, Wells, May & Sanders,* for appellant.

The sole question presented for consideration and determination by the court is as follows: Is the appellee liable for taxes on its property situated within the town of Charleston on the first day of Feburary, 1911, which was placed outside the municipal boundaries by the ordinance passed in May, 1911? If this question be answered in the affirmative, the decree of the court below should be reversed and the cause remanded for an accounting and decree for the amount of taxes.

Our contention is, that the liability for taxes is fixed by the statutes and decisions as of February 1, 1911. The code sections dealing with the questions which are material to this investigation are the following: Section 4257 of the Code of 1906, provides as follows:

"All taxable property brought into the state or acquired or held by any person before the first day of

February, shall be assessed and taxes thereon be paid for the current year.

Also 4258 Real and Personal property. Section 4264. Each person shall make out and deliver list of his personal property possessed by him on February first. Section 4280 reads as follows:

"Lands shall be assessed between the first day of February and the first day of July for the year 1906, between the first day of February and the first day of July for the year 1909, and every two years thereafter. (See Sec. 4261.)"

Section 3317, in the enumeration of powers conferred upon municipalities, reads as follows: "To levy and collect taxes upon all the real, mixed and personal property within the corporate limits taxable according to the laws of the state, the description and valuation of such property to be copied from the assessment rolls of the county: For general revenue purposes, not to exceed six mills on the dollar in any one year; for general improvements, excepting improvements for which special assessments are levied, not to exceed six mills in any one year. But a village with less than three hundred inhabitants shall never levy a tax on real or personal property to exceed, for all purposes, four mills on the dollar for any one year. In cities of over five thousand inhabitants, a tax not exceeding twenty mills on the dollar may be levied for general revenue and improvements; and special school systems, each, but this shall not authorize the levy of a tax in excess of the limit on the power of taxation by such city, now fixed by law, unless the same be authorized by a majority vote of the qualified electors." Section 4255, provides, among other things: "All taxes assessed shall be a lien upon and bind the property assessed, from the first day of February of the year in which the assessment shall be made."

Section 3241, provides among other things, that municipal assessments shall be made by copying from

the county assessment rolls, all property thereon, which is located in the muncipality.

Section 3424, provides in substance, that municipal tax collectors shall be governed by the general revenue laws in making collection of municipal taxes.

Section 2425, provides that municipal tax collectors shall be governed by the general revenue laws in making sales of delinquent tax lands.

In the case of the *Vicksburg Water Works* v. *Adams,* 80 Miss. 68, this court held that all taxes are a lien on property situated within the State as of the first day of February, without regard to when assessment is made or when the levy is made. That when an assessment and levy are made the tax liability relates back to the first day of February. *Deason* v. *Dickson,* 54 Miss. 585; *McHenry Baptist Church* v. *McNeil,* 86 Miss 22; *Gulfport* v. *Todd,* 92 Miss. 428.

It thus appears that the court has settled in the case of *McHenry Baptist Church* v. *McNeil,* cited *supra,* that where the property is liable on the first day of February, a character of non-liability acquired thereafter, will not defeat the collection of the taxes for that year.

*Tim E. Cooper,* for appellee.

Reduced to its simplest form, our contention is that the municipal authorities had no jurisdiction over the *res*—the thing sought to be taxed—when the imposition of the tax was made.

Counsel for the revenue agent assume that the jurisdiction existed, because, and because only, if it did exist when exercised, it related to a past day, the 1st of February. The question has been distinctly decided by this court in the case of *Deason* v. *Dixon,* 54 Miss. 585.

In that case it appeared that a part of the Deasons' land was within the city limits when the taxes became

due and payable, but had been exercised before the day for selling delinquent property arrived.

I now take up the opinion delivered in that case, and quote from it, substituting for the words "tax collector" the words "municipal authorities" and for the words "sell property for taxes" the words "impose taxes." I make no other change.

I now ask the court to verify what I write by reference to so much of the opinion as follows the tenth line from the bottom of page 588. The opinion thus paraphrased, reads: "The authority of municipal authorities is limited to the territory of the municipality. The power to subject property to taxation is *stricti juris* and must be clearly given before it can be exercised. The excission of territory from the district of a municipality must terminate the power of the municipal authorities to tax it, unless otherwise provided by law. There is something so incongruous in the idea of the authorities of one county taxing real estate in another, or of municipal authorities imposing taxes on property in the county that nothing short of an express statute would seem to warrant it."

"If the state of Mississippi should cede a part of her territory to the state of Alabama, no one would contend that Mississippi authorities could thereafter assess and tax any portion of the territory so ceded. The comparison, if not entirely parallel, is analogous. Apart from the fact that the states are, as to each other, separate governments, the principal difference would seem to be that when the territory is transferred from the city to the country, or from one country, or from one county to another, the legislature making the change may adopt such regulations as it chooses; whereas, when the cession of territory is from one state to another, the regulations as to unpaid taxes must be jointly agreed on by both states. But in the case at bar, the legislature failed to make any provision on the sub-

ject. The power of the city authorities to tax the land cut off from its limits is, therefore, lost."

I cannot make a more complete reply to opposing counsel than is made in this case. As, however the taxes had been imposed and were due before the land was excised, and since the statute, Code of 1871, section 1665, provided that: "All taxes assessed shall be a lien upon and bind all the property real and personal, of the party assessed," it was held that while the excised land could not be sold, the land remaining in the city could be sold for the taxes. Aside from the decision in *Deason* v. *Dixon,* the question had been distinctly decided in other states. *Gilmer* v. *Dale,* 27 Utah, 372; *Richards* v. *Daggett,* 4 Mass. 534.

Counsel for the appellant states in his brief that the property of the appellee was excised upon its application. How this fact could change a legal principle; how it could confer a power to tax upon the municipal authorities, I do not perceive. But if extraneous matters are to be injected by argument of counsel, in fairness, he should also have said that throughout all the years in which the property of the appellee was in the town limits, it paid its full share of the taxes of the town, and that not one dollar had ever been expended in the territory where the property was located.

The revenue agent is suing to collect an alleged debt. There is no debt due without an assessment. *State of Mississippi* v. *Adler,* 68 Miss. 487; *Thibodeaux* v. *State,* 69 Miss. 683. No assessment could be made because the property was not at the time within the corporate limits of the town, wherefore, the municipal authorities had no jurisdiction to tax it.

*J. H. Caldwell,* for appellee.

The issue in this case is clear cut and involves only one question, viz.: When property is, by proper ordinance, excluded from the corporate limits of a town,

on May 1, 1911, before the assessment roll has been returned and approved, and before any tax levy has been made, is it subject to municipal taxes for the year 1911?

Appellant concedes that the property could not be sold; that is, the tax lien does not exist, but contends that there is a personal liability for the taxes. No decision of this court has been made on the exact point involved. The provisions of the Code set out in full by appellant's counsel do not settle the question.

The case of *Vicksburg Waterworks* v. *Supply Co.,* 80 Miss. 68, cited by counsel is rather authority for the appellee. In that case, the court decided that the law fixed a lien for taxes as of February 1st, and when the amount was fixed by the assessment and levy, it related back to February 1st. Now, we do not take issue with the holding in this case, but contend that when the assessment and levy were made, it could not "relate," back to February 1st., because the property was not in the municipality, and unless it could relate back and attach to the specific property, there was no liability fixed by law. Unless at some time there was a lien on some specifice property for the amount of the taxes, there is no personal liability therefor.

The case of *Deason* v. *Dixon,* 54 Miss. 585, is about as near as this court ever came to this question at issue in this case. In that case the court held that after the tax had been fixed by assessment and levy on the property, it became a liability although the property had been excluded from the municipality, and could be recovered by sale of other property of the owner remaining in the municipality. It was specifically decided that there could be no sale of the property outside of the municipal limits for municipal taxes although it had been excised from it after the assessment and levy had fixed the amount and the lien had related back to February 1st while it was still in the municipality. Quite a different case

here is presented. When the assessment was made, when the taxes were levied and when they became due and payable, the property was outside the municipal limits. The lien never existed against the specific property and no liability for municipal taxes was ever incurred by the owner.

The case of *McHenry Baptist Church* v. *McNeil*, 86 Miss. 22, involves an entirely different question to the one here. In that case the assessment was made, and also the tax levy, all relating back to February 1st., the property being in the same place. The church purchased the property Aug. 22nd after the liability had been fixed, and to have relieved the land from taxes would have been to give a retroactive effect to the statute allowing exemptions to churches, which could not be done. No such case is presented by this record.

In the case of *Gulfport* v. *Todd,* 92 Miss. 428, the city urged that if the property was in the municipality when the levy of taxes was made, the taxes could be collected, claiming that the assessment and levy related back to the property which could be impressed by the lien. Counsel for the city claimed: "If the lien in passing back by relation and before reaching the statutory limit of time encounters something which obstructs its passage, it and its relation nevertheless are good up to the obstruction." The court held otherwise, holding that the relation is back to February 1st as declared by the state. In August and September when the assessment and levy were made in the case at bar there was nothing that gave the municipal authorities any right whatever to deal with the property of appellee, it being out of the town. Nothing on which the lien could start on in order to relate back to February 1st. The "obstruction" was the first thing encountered by the lien in relating back and not being able to pass that, it got nowhere without an assessment; there is no debt, and we submit there was no

assessment of municipal taxes on the property of appellee outside the municipal limits. 37 Cyc. 987.

There being no debt, there is no liability or debt to recover, and the case should be affirmed.

SYKES, J., delivered the opinion of the court.

This suit was instituted in the chancery court of the First district of Tallahatchie county by Wirt Adams, the then revenue agent of the state, and was afterwards revived in the name of *Stokes* v. *Robertson,* the present revenue agent. The bill was filed for the purpose of collecting from the defendant, the appellee here, certain alleged delinquent taxes claimed to be due and owing by the defendant to the municipality of Charleston, Miss., for taxes for the year 1911. The cause was tried in the court below upon bill, answer, and agreement of counsel. The chancellor rendered a decree dismissing the bill, from which decree this appeal is prosecuted by the revenue agent.

The material facts in the case are not disputed, and are in substance as follows: On the 2d day of May, 1911, an ordinance was passed by the municipal authorities of the town of Charleston, becoming effective a short time thereafter, contracting the municipal limits so as to exclude therefrom the mill and plant of the appellee company, consisting of both real and personal property. Prior to this ordinance and on February 1st of that year, this property of the appellee was within the municipal limits of Charleston. The municipal assessment and levy of taxes were both made after the above municipal ordinance had become effective. This assessment was made by copying the county assessment rolls as provided by law.

The only question presented to this court for determination is whether or not the appellee is liable for municipal taxes for the year 1911 on its property which was included within the municipal limits on

and before the 1st day of February, 1911, and which was excised or excluded from these limits before the assessment and levy of these taxes.

It is the contention of the appellee that, since the property was not within the municipal limits when the taxes were assessed and levied, then the municipal authorities had no jurisdiction over the property, and therefore that no liability for these taxes accrued against the owner of the property. This question is thus tersely and aptly expressed in the brief of one of the able counsel for appellee:

"Reduced to its simplest form, our contention is that the municipal authorities had no jurisdiction over the *res*—the thing sought to be taxed—when the imposition of the tax was made."

The contention of the appellant is that the liability for taxes under our laws is fixed as of February 1st. The question here presented has not been expressly decided heretofore by this court. In considering it, it is well to briefly review some of the laws relating to this question. Section 4257 of the Code of 1906 provides that:

"All taxable property brought into the state or acquired or held by any person before the first day of February, shall be assessed, and taxes thereon paid for the current year."

Section 4258 provides that every person shall be assessed in the county and in the municipality in which he resides at the time of the assessment, and that real property and personal property shall be assessed in the county in which the same may be on the 1st day of February of the current year. Section 4264 requires persons when called upon to make out and deliver to the assessor a list of taxable personal property possessed on the 1st day of February. Section 3317 of the Code confers upon municipalities the power, among other things, to levy and collect taxes upon

all property taxable according to the laws of the state. Section 4255 of the Code provides that:

"All taxes assessed shall be a lien upon and bind the property assessed, from the first day of February of the year in which the assessment shall be made."

It is clearly the scheme of taxation in this state, as enunciated by the above sections of the Code, that all assessments of property shall be made 'as of February 1st of that year. The question to be answered by the taxpayer is: What property did you own on the 1st day of February of this year? The liability of the property to taxation attaches on February 1st. The liability of the owner of property on February 1st is to pay taxes on all property owned by him on this date. Until the levy and assessment have been made, the amount of these taxes has not been ascertained, but the liability of the owner to pay these taxes exist, subject to the assessment and levy, which are made at a later period. The liability of the owner for these taxes and of the property to be taxed is fixed by the *situs* of the property on the 1st day of February. The power of the municipality to tax this property accrued on February 1st because the property was within its jurisdiction or municipal limits at that time. The contention of the learned counsel for appellee that because the property itself is moved beyond the jurisdiction of the municipality before the tax is collected, and for this reason that the municipality is powerless to enforce a lien for taxes, prevents the city from collecting from the owner the amount of these taxes as a debt, is unsound, because the liability for this debt accrued against the owner of the property on February 1st. The amount of the debt was not made certain or ascertained until the assessment and levy were made. Section 4257, above quoted, makes it the duty of the assessor to assess all taxable property within the state as of the 1st day of February, and also provides that the owner of same on that date must

pay taxes on it for that current year. This section of the Code makes the owner liable for the taxes on all property owned by him on February 1st. The amount of these taxes has to be ascertained by an assessment and levy, but nevertheless the liability exists from the above date. This question was settled by this court in the case of *Vicksburg Waterworks* v. *Vicksburg Water Supply Co.,* 80 Miss. 68, 31 So. 535. In that case the appellee entered into a contract of sale of certain property before the assessment and levy of taxes were made. The contract provided that all the liabilities of the appellee company should be paid by it. The contract was consummated before the assessment and levy of taxes. The appellant company paid the taxes on the property and then filed suit against this appellee to recover the amount of the same. The appellee demurred to the declaration, claiming that these taxes were not a liability at the time of the consummation of the sale. In rendering the opinion of the court on this question, Judge CALHOON said:

"The contention of the appellee is that the lien for taxes fixed as of February 1st of each year by the statute was not a 'liability' which it was required to 'liquidate or provide for' under the contracts. We think that it was. True it is that the amount of the 'liability' was not ascertained until the following September by the authorized authorities, but the 'liability' was there, to relate back by law to the 1st of February."

It is essential that there should be a certain date fixed by law for the taxation of property, and our laws have fixed his date as February 1st. The inquiry directed to persons is: What property did you own on that date? The assessment by the assessor and the tax levy are made later on in the year. As is said in the opinion of the court by Judge TRULY in the case of *Gerard* v. *Duncan,* 84 Miss. on page 734, 36 So. on page 1035 (66 L. R. A. 461):

"The property is assessed for purposes of taxation to the person legally holding the same on the 1st day of February annually."

Counsel for appellee rely upon the case of *Deason* v. *Dixon,* 54 Miss. 585. The Dixon Case, however, holds that the authority of a tax collector is limited to his district, and that he cannot sell property for delinquent taxes which has been excised from his territory. This case, however, holds that, because the tax collector cannot sell the property for the delinquent taxes, yet these taxes are a debt against the owner of the property and may be collected from him. We thoroughly agree with the principle therein enunciated. In the case at bar, a municipal tax collector of Charleston cannot sell the excised property, but his inability to enforce this lien in no wise releases the owner of the property from taxes due thereon. The case of *McHenry Baptist Church* v. *McNeal,* 86 Miss. 22, 38 So. 195, holds that property which was not exempt from taxation on February 1st, and which was sold to the appellant in August, before the assessment and levy of taxes were made, was not exempt from taxation for that year, despite the fact that property owned by the church was exempt from taxation. In its opinion the court says: "Under our fiscal laws, taxes for each current year attach on the 1st day of February." The converse of this question has been several times decided by this court. In the case of *City of Gulfport* v. *Todd.* 92 Miss 428, 46 So. 541, the court held that, where a municipality extended its limits after the 1st day of February, the property thus taken in was not subject to municipal taxes for that year. In the case of *Wildberger* v. *Shaw,* 84 Miss. on page 444, 36 So. on page 539, the court held that:

"Lands bought from the state on February 2d of any year are no more taxable for that year than are lands bought on January 31st of the next year. February 1st is the day which fixes liability to taxation."

Since the property was subject to taxation on Febru-
ary 1st, then the liability of the owner of the property
to pay the taxes for that year attached on that day.
The property may be removed from the municipality
or from the state the very next day, but this in no
wise affects the liability of the owner for the taxes
which accrued the day before. Endless confusion would
otherwise follow. A man might own a thousand head of
fine cattle on the 1st day of February, keep them
until the day before his taxes were assessed, remove
them from the state, and thus claim that he owed
no taxes on these cattle, because they were beyond the
jurisdiction of the municipality or of the state, on the
day the assessment was actually made. Or he might
have the cattle in Hinds county on February 1st, and
then drive them over into Rankin county before the
assessment was made, and thereby escape liability
for taxes for that year. This result would follow if
the contention of the appellee in this case were sound.

It therefore follows that the appellee in this case
is liable for the municipal taxes here sued for. The
case is therefore reversed and remanded to be proceed-
ed with in accordance with this opinion.

<em>Reversed and remanded.</em>