DETROIT TRUST CO. *v.* CITY OF DETROIT.

1. JUDGMENT—SUMMARY JUDGMENT MAY BE ENTERED IN ACTION TO RECOVER TAXES PAID UNDER PROTEST.

Since action to recover taxes paid under protest is authorized by statute (1 Comp. Laws 1915, §§ 4049, 4106), court had authority, under 3 Comp. Laws 1915, § 12581, to enter summary judgment in such action.

2. MUNICIPAL CORPORATIONS—TAXATION—PERSONAL PROPERTY ACQUIRED AFTER APRIL 1ST NOT ASSESSABLE.

Under charter of city of Detroit, providing that all assessments shall be made as of first day of April of each year, neither board of review nor city council may add to assessment rolls personal property acquired by any person after that date.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted October 25, 1929. (Docket No. 124, Calendar No. 34,540.) Decided December 3, 1929.

Assumpsit by the Detroit Trust Company and another, trustees under the will of John F. Dodge, deceased, against the City of Detroit, a municipal corporation, and another, to recover taxes paid under protest. From a summary judgment for plaintiffs, defendants bring error. Affirmed.

*Beaumont, Smith & Harris (Charles Wright, Jr., and M. S. Harlan, of counsel), for plaintiffs.*

*Walter Barlow (Clarence E. Wilcox, of counsel), for defendants.*

SHARPE, J. Defendants seek review by writ of error of a summary judgment rendered in favor of plaintiffs for $680,980.43, this being the amount of a

personal property tax spread upon the city assessment roll in the year 1925, and interest thereon, against the plaintiffs as trustees under the will of the late John F. Dodge, which was paid by the plaintiffs under protest.

Counsel for the city insisted in its plea and notice and affidavit of merits, filed on the motion, that the court was without jurisdiction to enter a summary judgment on plaintiffs' cause of action. The statute (3 Comp. Laws 1915, § 12581) authorizes the entry of such judgments in actions "arising upon contract or judgment, or statute" when it appears that there is no meritorious defense thereto.

The right to bring this action is conferred upon plaintiffs by 1 Comp. Laws 1915, § 4049. It reads as follows:

"Any person may pay the taxes, or any one of the several taxes on any parcel or description of land, or on any undivided share thereof and the treasurer shall note across the face of the receipt in ink any portion of the taxes remaining unpaid. He may pay any tax, whether levied on personal or real property, under protest, to the treasurer, specifying at the time, in writing, signed by him, the grounds of such protest, and such treasurer shall minute the fact of such protest on the tax roll and in the receipt given. The person paying under such protest may, within thirty days and not afterwards, sue the township for the amount paid, and recover, if the tax is shown to be illegal for the reason shown in such protest. * * *"

This provision is made applicable to all cities and villages by 1 Comp. Laws 1915, § 4106. The right of the plaintiffs to recover is based upon this remedy provided by the statute. It cannot then be well said that it is not a cause of action arising upon a stat-

ute. There was no duress, and, without the statute, the payment made would be treated as voluntary.

It is undisputed that the personal property placed upon the assessment roll did not come into the hands of the plaintiffs until May 4, 1925. The question here presented is whether this personalty could be legally placed upon the assessment roll for that year by the common council of the city.

All tax laws have recognized the necessity of fixing a date in each year as of which personal property should be assessed. Cooley on Taxation (4th Ed.), § 546. Otherwise, there might, and most likely would, be a lack of uniformity in valuation.

Under the charter of the defendant city (title 4, chap. 7, § 7), it is made the duty of the board of assessors to "make out and complete, prior to the first day of April in each year, the assessment rolls" covering the property in the city liable to assessment. Notice that such rolls will be completed on that day must be given. (Title 6, chap. 2, § 4.) The board may thereafter consider complaints of any persons feeling themselves aggrieved by reason of any assessment, and may alter or correct the same. It shall then sign the rolls, and, on the third Tuesday of April, deliver the same to the common council. This body then sits as a board of review to determine all appeals, correct any errors they may discover in the rolls, and "place thereon the names of any persons and the descriptions of any property not already assessed and assess the same." They shall then confirm the rolls, and they "shall remain as the basis, according to property valuation, of all taxes to be levied and collected in the city until another assessment shall have been made and confirmed as herein provided." (Title 6, chap. 2, § 6.) After equalization by the board of supervisors, the

State and county taxes shall be spread thereon by the board of assessors and the rolls sent to the county treasurer for collection of the same. (Title 4, chap. 7, § 7.)

It seems clear that, under these provisions of the city charter, all assessments shall be made as of the first day in April of each year, and that neither the board of review nor the city council can add to such rolls personal property acquired by any person after that date.

This holding is in line with the former decisions of this court. In *Koch* v. *City of Detroit,* 236 Mich. 338, it appeared that certain territory was annexed to the city on April 6, 1925, and the attempt of the city to assess it for taxes for that year was enjoined. It was said that property not within the city when the rolls were completed could not be placed upon them. Under earlier charters, containing somewhat similar provisions, the same conclusion was reached in *City of Detroit* v. *Patten,* 143 Mich. 243; *Jacobs* v. *Union Trust Co.,* 155 Mich. 233; *Crawford* v. *Koch,* 169 Mich. 372, and *St. Joseph's Church* v. *City of Detroit,* 189 Mich. 408.

The judgment is affirmed.

North, C. J., and Fead, Butzel, Wiest. Clark, McDonald, and Potter, JJ., concurred.