CINCINNATI (city) v ROETTKER

Ohio Appeals, 1st Dist, Hamilton Co

Decided Nov 2, 1931

Mr. John D. Ellis, city solicitor, Cincinnati, and Mr. Jacob Haupin, for plaintiff in error.

Mr. Earl F. Westerfield, Mr. Wm. Deddens, and Mr. Wm. P. Hohmann, Cincinnati, for defendant in error.

HAMILTON, J.

As heretofore stated, the defendant below demurred to this petition, which was overruled.

The petition sets forth no ground for the granting of the injunction other· than the claim that the levy contravenes above section of the Constitution of the United States, and this is the only point ·argued by the plaintiff below, defendant in error here.

The petition makes no claim that the tax levy offends against the laws of Ohio. Plaintiff could not successfully do so, since the question has been heretofore determined by the court, establishing the right to levy the municipal tax upon annexed property.

It is not claimed that any step necessary under the state law to make the levy effec-

tual has been omitted.

The petition states that the territory was annexed to the city of Cincinnati on June 4, 1930, and that the taxes were levied for the year 1930. While it is true that all taxes in the state of Ohio become a lien on the property on the day preceeding the second Monday in April, the amount of the taxes is determined as provided by §§5625-20 and 5625-25, GC.

Sec 5625-20 GC, provides: "On or before the 15th day of July in each year, the taxing authority of each subdivision or other taxing unit shall adopt a tax budget for the next succeeding fiscal year."

Sec 5625-25 GC, provides: "When the budget commission has completed its work it shall forthwith certify its action to the taxing authority of each subdivision and other taxing unit within the county, together with an estimate by the county auditor of the rate of each tax necessary to be levied by each taxing authority within its subdivision or taxing unit * * *."

In the case of **State of Ohio ex v Craig, Auditor, 21 C.C., 13, 11 C.D., 348,** it was held that, when the boundaries of a municipal corporation are extended prior to the first Monday of June, no special provision is necessary to authorize the levy of the municipal tax upon the annexed property; and the county auditor may be compelled by mandamus by such municipal corporation to levy on such newly annexed property the municipal instead of the township tax.

In the case of **State ex Donahey, Aud. v Roose, Aud., 90 Oh St, 345, at page 351, 107 NE, 760, 762,** the Supreme Court of Ohio, in the opinion, says: "It is further insisted on behalf of respondent that by reason of the provisions of §5671, GC, this tax cannot be legally levied for the year 1913, because that section provides that 'The lien of the state for taxes levied for all purposes, in each year, shall attach to all real property subject to such taxes on the day preceding the second Monday of April, annually'. This same objection would apply with equal force to all tax levies for state and local purposes made after the date preceding the second Monday of April of each year. The fact is that practically all levies, especially those for local purposes, are made after this date. §5627, GC, directs the county commissioners at their March or June session to determine the amount to be raised by taxes. §5646, GC, directs the township trustees to determine on or before the 15th day of May annually the amount of taxes necessary for all township purposes, and §5649-3a, GC, directs that on or before the first Monday in June of each year the county commis-

sioners of each county, the council of each municipal corporation, the trustees of each township, each board of education and all other boards or officers authorized to levy taxes within a county, except taxes for state purposes, shall submit or cause to be submitted to the county auditor an annual budget, and under the provisions of §5649-3b, GC, as amended February 16, 1914, the budget commissioners are not required to complete their work until the third Monday of August. While §5671, GC, fixes the date in each year that the lien of the state for taxes shall attach, yet it by no means follows that this requires that the tax levy shall be made on or before that date. In fact all the legislation upon that subject is in direct conflict with such a construction. On the contrary, it is clear that the amount of taxes is to be subsequently determined, and the assessment then relates back to the date at which the taxes became a lien. This question is fully discussed and the correct conclusion reached in the case of **Loomis, Trustee v Von Phul et, 2 N.P., N.S., 423.**"

Thus is the law of Ohio established that, notwithstanding the lien attaches on the property on the day preceding the second Monday of April, the amount of the tax, later ascertained by proceedings under the law, based on the tax rate of the municipality to which the property has been annexed, is collectable upon the annexed property. The lien is to secure payment of taxes to be later ascertained and assessed.

The only point argued in the brief for defendant in error is that to enforce the levy is a denial of the equal protection of the laws, as provided in §1 of the Fourteenth Amendment of the Constitution of the United States: "No State shall * * * deny to any person within its jurisdiction the equal protection of the laws."

No authorities are cited by counsel in the brief to support their proposition, and we have been unable to find any.

At the time the taxes became a lien upon the property in question it was located in §7, Green township, Hamilton county, Ohio. On that day, under the law, tax liens attached to all property in Ohio. There was no denial of equal protection, or due process in this. Afterwards, on June 4, 1930, the property in question became a part of the city of Cincinnati. Its political situs was changed. The rate of taxation and the amount of taxes assessed were in accord with the laws of the state of Ohio and applied alike to all property located in the city of Cincinnati. The property of defendant in error was taxed by the taxing authorities of the county of Hamilton on the same basis as all other property in the city

of Cincinnati. We are unable to see any denial of equal protection in this. We find no supporting authority for the claim of the plaintiff that by the tax levy in question she was denied due process of law or equal protection of the law.

In Cooley on "Taxation," volume 1 (4th Ed.), §96, that eminent author says: "If the boundaries of a tax district are changed, the power to tax changes so as to extend to or be limited to the new territorial limits. For instance, where the territorial limits of a municipality are extended by annexation or consolidation, the power to tax extends to the added territory. * * * Moreover, the added territory cannot be taxed for the current year **where the tax list is closed for such year.**"

This pronouncement, by Professor Cooley, recognized as one of the great constitutional lawyers of the country, must necessarily carry great weight. Had this rule contravened the Federal Constitution, the author would not have pronounced it to be the law of the land. He makes no exception of cases where the tax lien has attached prior to the annexation.

Being of the opinion that in this case no constitutional right was invaded by the levy of the taxes against the property of the plaintiff below, it follows that the trial court erred in overruling the demurrer to the petition.

The judgment will be reversed, and, the question being one of law, we will enter the judgment that the court below should have entered, to wit, the demurrer will be sustained, and the petition dismissed.

ROSS, PJ, and CUSHING, J, concur.