STATE v. REPUBLIC STEEL CORPORATION.
STATE v. ORWELL IRON COMPANY.[1]

January 29, 1937.

Nos. 30,981, 30,982.

*Mitchell, Gillette, Nye & Harries,* for appellants.

*Charles E. Adams* and *Thomas J. Naylor,* County Attorney, for the State.

*Frank M. Talus* and *Austin & Wangensteen, amici curiae,* filed a brief on behalf of the city of Chisholm.

Holt, Justice.

In the proceeding to enforce the personal property tax for the year 1934, in St. Louis, the defendants answered. The cases were

[1] Reported in 271 N. W. 119.

tried together, but separate findings of fact and conclusions of law were made sustaining the tax. Motions for new trial were made, and from the orders denying the same defendants appealed. In this court the cases were consolidated.

We deem the following statement of facts enough to present the legal controversy: On May 1, 1934, the towns of Stuntz and Balkan were and had been duly organized townships. At the annual town meetings held March 13 of that year, by the vote of the electors the sum of $400,000 was levied by the town of Stuntz for town purposes and the sum of $100,000 by the town of Balkan for like purposes, and such levy was certified to the county auditor on March 20 by the town of Stuntz and on March 16 by the town of Balkan. This levy as computed by the auditor would amount to a tax of 16.9 mills in Stuntz and 17 mills in Balkan. The assessor of each town duly listed and assessed the personal property of defendants located within the said towns on May 1, 1934, for taxation, and the books or tax lists made by each assessor were seasonably returned to the county auditor. The property so assessed consisted of stock piles of iron ore and mining equipment, all located within the said towns on May 1. For some years the organized village of Chisholm, adjacent to these towns, has functioned. Its assessor listed and assessed the personal property within the village limits for taxation for the year 1934 and made a seasonable return thereof to the county auditor. But it does not appear that the village council attempted to make any levy upon the assessment so made. On September 4, 1934, the city of Chisholm was organized under L. 1921, c. 462, as amended, embracing within its territorial limits the village of Chisholm and adjacent parts of the towns of Stuntz and Balkan, wherein defendants' mentioned personal property was located on May 1. On October 8, 1934, the city adopted a home rule charter, effective 30 days from its adoption. On November 21, 1934, the city council levied a tax of 44.1 mills, as computed by the auditor, for city purposes, and certified such levy to the county auditor. Not until December 13, 1934, did the state tax commission certify its revision of the personal property assessments of these towns to the county auditor, who could not proceed to

spread the tax under the levies made until that revision was certified to him. In this situation the county auditor conceived it to be his duty to spread the levy made by the city of Chisholm against all property which he could ascertain to have been located within the present city limits on May 1, regardless of its assessment by the town assessors and the levies made and returned by the towns. And to that end he conferred with the assessors of the towns mentioned and with the assessor of the village of Chisholm, and transferred from their assessment books or listings what property was conceived to have been located upon the present city territory on May 1. The court's findings sustained the county auditor's action. Defendants moved for amended findings without success. There is no question as to the correctness of the state tax, the county tax, or the school tax included in the amount taxed against defendants. What is at stake is the difference between 44.1 mills and 16.9 mills on the personal property of defendants assessed in the town of Stuntz and 17 mills in the town of Balkan.

The assignments of error raise several questions which we need not discuss. We may assume, without so deciding, that the county auditor could properly use or transfer the assessments made by the village assessor and by the town assessors to the city assessment records, the city not having any assessor at the time the assessment should have been made. But it must be borne in mind that the county auditor has no power to levy a tax or make an assessment. He is merely doing the mechanical or clerical part in computing the tax resulting from the several levies made by the bodies authorized by law to make them and entering such tax on the permanent records of the county for enforcement. As we see it, this appeal is reduced to the simple question of whether the levies made by the towns of Stuntz and Balkan against owners of personal property located therein and duly listed and assessed on May 1 by their assessors may be altered or nullified by the fact that the city of Chisholm was subsequently created and made a levy against the same property for city purposes. There can be no question of the power of the towns to levy taxes for town purposes by vote of the electors at the annual election held March 13, 1934, and certifying

the same to the county auditor. 1 Mason Minn. St. 1927, §§ 1002, 2060-2. The fact that a city subsequent to such assessment and levy is created out of parts of these towns gives the county auditor no right to ignore or interfere with the tax already levied by the towns, in the absence of any statute granting such right. The levy was in certain amounts to meet the needs of each town for the year 1935. It was calculated to meet the needs of the towns as entireties. The county auditor may not say that a part or what part of the $400,000 levied in the town of Stuntz is to be taxed against the personal property (or the owners thereof) which is inside or outside of the parts now annexed by the city. We have no statute to call to assistance in a case of this kind. The state cites Hardin v. Pavlat, 130 Neb. 829, 266 N. W. 637, but it would seem that the decision and that of State ex rel. Hinson v. Nickerson, 99 Neb. 517, 156 N. W. 1039, therein quoted from, are against the contention made by the state. It was there held that after territory had been detached from a city the municipality had no power to tax such detached territory, even though a part of the city when the property therein was listed for assessment. In the case at bar, the towns not only had properly assessed, but had lawfully levied the town taxes, before the city existed and before it attempted to levy. It may be that when the tax levied by the towns is collected some equitable division is possible, as was considered in Town of Balkan v. Village of Buhl, 158 Minn. 271, 197 N. W. 266, 35 A. L. R. 470.

We of course have nothing to say regarding the spreading of the city levy within the territory of the village of Chisholm. There the assessor of the village had made and returned proper assessments, but the village made no levy. So no other lawful taxing body had exercised its right in the premises when the city acted.

The learned trial court considered that because the plenary power of the legislature over the formation of municipal corporations, changing boundaries, and annexing territory of towns and villages has in no way confined such formation or change to a period of the year when there was no step being taken for the imposition of taxes, therefore it was thought a city formed at any time must be

invested with power to levy taxes necessary for its functioning, and assessments and levies made by taxing districts made a part of the city formed must yield. It seems to us that when, as here, the towns had not only properly listed and assessed the property therein situate, but lawfully levied the tax thereon, it is too late for any annexing municipality to interfere with that tax as levied. It may be conceded that the process of imposing taxes may be delayed by the county auditor to the first Monday of the year following their listing for assessment on May 1; but all steps taken, including the levies, relate to May 1 and take effect as of that day when completed. In other words, 1 Mason Minn. St. 1927, § 2058, may be assumed to be directory and not mandatory. The fear that the newly formed city will be unduly hampered by not being able to impose a tax to pay for its needs for the ensuing year is really groundless when it is considered that cities are not organized solely of farming districts or out of territory consisting of functioning township organizations. A city is usually the successor of some village or villages of compact population that have functioned somewhat like a city, and in possession of funds and equipment for carrying on a city government.

It is argued that the county auditor, being invested with the power to place omitted property on the tax list, has power to place defendants' property on the tax lists of the city after its formation. The difficulty with this proposition is that defendants' property was not omitted. The authority given by § 2042 can have no application here.

Authorities from other jurisdictions are not of much assistance on account of the difference in statutes. The state cites Green v. City of Asheville, 199 N. C. 516, 154 S. E. 852, but that case refers to and distinguishes it from Reynolds v. City of Asheville, 199 N. C. 212, 154 S. E. 85, which latter case is more in point here. City of Cincinnati v. Roettker, 41 Ohio App. 269, 180 N. E. 907, and Johnston v. City of Huntington, 71 W. Va. 106, 76 S. E. 142, are also cases where annexation took place before any levy had been made in the part annexed. In a measure the conclusion we have reached is supported by the following authorities: City of Coving-

ton v. Carroll, 108 S. W. 295, 32 Ky. L. Rep. 1255; Detroit Trust Co. v. City of Detroit, 248 Mich. 612, 227 N. W. 715; Adams v. Lamb Fish Lbr. Co. 114 Miss. 534, 75 So. 378; City of Chattanooga v. Raulston, 117 Tenn. 569, 97 S. W. 456; City of Austin v. Butler (Tex. Civ. App.) 40 S. W. 340. Until regulated by some statute, it must be held that the county auditor was required to spread the taxes, lawfully levied and certified by the towns of Stuntz and Balkan in March, 1934, to the auditor, against the property duly assessed as taxable therein on May 1, even though parts of such towns were thereafter annexed by the city of Chisholm, and that the city of Chisholm had no right again to levy for the same year against the same property a tax for city purposes.

The orders are reversed and the cases remanded to the court below with directions to amend its findings in conformity with the opinion herein.

MR. CHIEF JUSTICE DEVANEY took no part in the consideration or decision of this case.

MR. JUSTICE PETERSON, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.