## ANNA HANDEVIDT v. COUNTY OF MARTIN.[1]

January 7, 1949.

No. 34,796.

*Grottum & Winzenburg* and *Leo J. Seifert,* for appellant.

*Arthur T. Edman,* County Attorney, for respondent.

*Wilson, Blethen & Ogle* filed a brief as *amici curiae* on behalf of the contention of respondent.

MAGNEY, JUSTICE.

This proceeding was brought under M. S. A. 278.01 to 278.13 to test the validity of a tax for ditch repairs. The court denied the taxpayer relief. She appeals from the order denying her motion for amended findings or a new trial.

Three landowners petitioned the district court for Martin county for the repair, under L. 1945, c. 82 (M. S. A. 106.483 to 106.488), of county ditch No. 1 and judicial ditch No. 32, both lying wholly within Martin county, and judicial ditch No. 15, lying partly within Martin and partly within Jackson county. All three petitioners were owners of land in Martin county, two of them being affected by all three ditches and one by ditch No. 32 only. No. 1 was established in 1905, No. 15 in 1912, and No. 32 in 1914. Although ditches Nos. 15 and 32 empty into No. 1, each is a separate and distinct sys-

---

[1]Reported in 36 N. W. (2d) 585.

tem, and they have not been consolidated. Upon the filing of the petition, the court on June 9, 1945, appointed an engineer "to examine said ditch system," stating that it appeared "to the court that said ditch system is out of repair." The engineer filed his report as to this "ditch system," estimating the total cost of repairs to be $54,969.66. He did not estimate the cost of repairs of each system separately. A hearing, upon notice mailed to the landowners, was held on the engineer's report. The court found that "it is necessary that the repairs be made as sought for in the petition," and directed the county auditors of Martin and Jackson counties "to proceed forthwith and let a contract all as provided by law for the doing of said work," and "said two counties are further directed to take the necessary steps to provide for the payment of the expenses incident to the doing of said work, * * * and this court will at the proper time apportion such costs and expenses between said counties, which will, of course, levy the proper and necessary assessments against the lands involved." Later, the court filed its order stating that, since the contract for repairs had been executed by the two auditors, the proportions of cost and expense of said repairs should be apportioned, 52.5 percent thereof to Jackson county and 47.5 percent to Martin county. A contract for the repairs of the three ditch systems was entered into by the auditors of Jackson and Martin counties. Apparently after the contractor had moved some machinery to the premises and had taken out some trees, temporary injunctions were issued on petitions of taxpayers in the two counties restraining the contractor from proceeding with the repair work.

On October 2, 1947, the auditor of Martin county prepared and filed for record in the office of the register of deeds of said county a tabular lien assessment statement for the levying of funds to be used for, in the language of the auditor, the "consolidated repair" of the three ditch systems. Appellant was assessed $199.08 for the repairs of ditch No. 32, $142.20 for the repairs of ditch No. 1, and $106.65 for the repairs of ditch No. 15, said assessments so tabulated and recorded being arrived at by the auditor by charging her 71.1 percent based on the combined original benefits of said lands, which

lands were affected by all three ditch systems. There were not sufficient funds to the credit of any of said ditch systems to pay for any repairs. The said repairs would therefore have to be paid by the county board of Martin county out of the general revenue fund of that county. At no time did the county board of Martin county make any assessment against appellant's land to create a fund to the credit of any one of the three drainage systems; nor did it order or instruct the county auditor to enter the amounts of any assessments or installments thereof to become due in the following calendar year upon the tax lists against the land of appellant; nor did the county board at any time make a levy or an assessment for taxes against appellant's land for the repairs of these three ditch systems; nor did the board order the auditor to file and have recorded in the office of the register of deeds a tabular lien statement.

On January 1, 1948, the county treasurer of Martin county spread upon his tax books a tax against appellant in amounts equaling 10 percent of the total assessments as calculated by the county auditor. Appellant contends that the above tax is illegal, void, and of no effect.

We have detailed most of the important facts which led up to the levying of the assessments. Whether or not the correct procedure was adopted by the court in providing for the repair of the three ditches in question is of no importance here. The sole question submitted for our determination concerns the levying of the assessment for the payment of the repairs.

Section 106.485 specifically lays down the procedure for the acquisition of funds for the payment of repairs to ditches where there are insufficient funds to the credit of the drainage system to be repaired. Subd. 1 of the above section reads in part as follows:

"In case there are not sufficient funds to the credit of the drainage system so to be repaired, *the county board may* pay for the same out of the general revenue fund of the county. To raise the necessary money to reimburse the general revenue fund, *the county board is hereby authorized to apportion and assess the cost of the repairs pro rata* upon all lands, corporations and municipalities

which have participated in the total benefits as theretofore determined. Such assessments may be made payable in annual instalments to be specified in the order for assessment. If the assessments do not exceed 50 per cent of the original cost of the ditch, such instalments shall not exceed five. If such assessments exceed 50 per cent of the original cost of the ditch, the county board may order such assessments to be paid in instalments not to exceed ten." (Italics supplied.)

Subd. 2 of said section, which specifies the duties of the county auditor in this connection, reads:

*"Following the levying of any assessment to be made by authority of this section* and before the 1st day of January next following, the county auditor shall enter the amounts of any assessments or instalment thereof to become due in the following calendar year upon the tax lists against the lands assessed by the county board located within the county *in accordance with the action of the county board* and the same shall be collected in the same manner as real estate taxes. When any such assessment is levied, the county auditor shall file for record in the office of the register of deeds an additional tabular statement * * *." (Italics supplied.)

It is to be noted that the above statute gives no authority to the county auditor to levy any assessment for the payment of repairs to ditches, county or judicial, or to provide for the payment of such assessment in installments. The authority is vested solely in the county board. If the authority is vested solely in the county board, any attempt by the county auditor on his own initiative to make the levy of an assessment or provide for its payment in installments is void and of no effect.

In Saxhaug v. County of Jackson, 215 Minn. 490, 10 N. W. (2d) 722, this court held that the power to levy an assessment for ditch repairs, being a legislative one delegated by statute to the county board, cannot be redelegated by the county board to the county auditor. It also held that where a valid ditch assessment had not been levied, the county auditor was without power to spread an

assessment for ditch repairs against property. In disposing of the question raised in that case, the court used language and applied principles applicable here. It said (215 Minn. 495, 10 N. W. [2d] 725):

"It is, of course, elementary that a valid levy is essential to a valid tax or assessment. Where there is no valid levy the county auditor is unauthorized to supply the deficiency. The county auditor is without power to levy taxes and assessments. State v. Republic Steel Corp. 199 Minn. 107, 271 N. W. 119. In Township of Normania v. County of Yellow Medicine, 205 Minn. 451, 286 N. W. 881, we held that a county auditor is without power to levy a ditch assessment and that the inclusion by him of an assessment, not levied by competent authority, as part of the taxes spread against property was unauthorized and void."

In the Republic Steel Corp. case, the court commented (199 Minn. 109, 271 N. W. 120):

"* * * But it must be borne in mind that the county auditor has no power to levy a tax or make an assessment."

The auditor alone made the attempted assessment and levy which are here questioned. The county board, which had the authority to make assessments and levies with which to pay for the repairs of ditches where no funds existed to the credit of such ditches for the payment of such expenditures, took no action of any kind. Since the county auditor had no authority to make the levy and assessment, such purported levy and assessment were null and void, and appellant is entitled to judgment so holding.

Reversed with directions to enter judgment that the ditch assessment is null and void.