## CITY OF WAYZATA v. COUNTY OF HENNEPIN AND OTHERS. VILLAGE OF MINNETONKA, APPELLANT.

95 N. W. (2d) 506.

March 20, 1959—No. 37,600.

*Carl F. Dever,* for appellant.

*Wolner & Haglund* and *LeRoy E. Haglund,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action by the city of Wayzata against the village of Minnetonka[1] for a declaratory judgment that plaintiff city is entitled to certain taxes levied by the town of Minnetonka against property which was subsequently annexed by the city. The village of Minnetonka, which was formed from the remnants of the town of Minnetonka after such annexation, answered, claiming it was entitled to the taxes in question.

---

[1]The county of Hennepin and its auditor, Robert T. Fitzsimmons, were also named as defendants. Their subsequent motion for summary judgment, based upon the ground that they had no responsibility in the controversy since their sole function was merely a mechanical or clerical one in computing and collecting the taxes involved, was granted.

Subsequently, after a stipulation as to the facts had been entered into by all parties, the defendant village moved for summary judgment in its favor on the ground that there was no issue of fact to be tried. The trial court denied such motion and determined that:

"The defendant village * * * has received tax money, to which it had no right, from real estate outside of its boundaries and to which it has no intention to render any service. If the land outside the village boundaries but within the former town had not annexed itself to Wayzata * * * 412.083(3) would seem to compel an equitable division of assets with the town. While the law is certainly not clear or well established, the Court feels that the correct, and certainly the just, conclusion is that an equitable division of the tax money should be made with the City of Wayzata.

"Trial will have to be had as between the City of Wayzata and the Village of Minnetonka for the purpose of working out the proper division of the money, so that, as between them, this matter is not ripe for summary judgment."

"The Court does hereby certify that in its opinion the question presented * * * is both important and doubtful."

The facts are as follows: On March 8, 1955, the town of Minnetonka levied $120,000 in taxes on real and personal property within its jurisdiction as of May 1, 1955. These taxes were payable on and after January 1956. On March 13, 1956, the town of Minnetonka levied $134,000 in taxes on real and personal property within its jurisdiction as of May 1, 1956. These taxes were payable on and after January 1957.

On July 2, 1956, pursuant to M. S. A. 413.12, plaintiff, city of Wayzata, a fourth-class city, annexed land adjacent to it which was within the limits of the town of Minnetonka and upon which the described taxes had in part been levied. On August 29, 1956, the village of Minnetonka was incorporated. It embraced all remaining territory which on July 5, 1956, had comprised the town of Minnetonka. This did not include the land annexed by plaintiff. All of the taxes derived from the described 1955 levy collected by the county between January 1956 and May 1956 were paid over to the *town* of

Minnetonka. The remainder of the taxes collected from such levy and from the 1956 tax levy described were paid over to the *village* of Minnetonka.

This is an appeal from the order above described denying defendant's motion for summary judgment. Defendant contends that the court erred in denying such motion in that (1) the taxes levied by a town belong to the town when collected unless it is otherwise provided by statute; and in the absence of any such statute here the court was without authority to determine that the city of Wayzata was entitled to any portion of the taxes described; and (2) that by virtue of its incorporation as a village defendant succeeded to all rights of the town of Minnetonka in and to such taxes.

Plaintiff contends (1) that under § 412.081 it is entitled to that portion of the taxes levied upon the property which it annexed; (2) that if this section is not applicable then under equitable principles it is entitled to such taxes; and (3) that it is the successor to the town of Minnetonka in so far as the premises annexed by it are concerned.

■ Under Rule 56.03 of Rules of Civil Procedure it appears that the trial court did not exceed its jurisdiction in making the order from which this appeal is taken. This rule includes a provision that:

"* * * A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

In its order the court was explicit in limiting the effect thereof to a determination of the legal liability of defendant village to plaintiff for the tax receipts in its possession, leaving for trial the determination of fact issues relative to the portions thereof which in equity should be distributed to the parties. Such disposition of the motion for summary judgment is entirely consistent with the provision of Rule 56.03 above quoted.

■ A number of statutory enactments relate to the apportionment of taxes which have been collected or assessed prior to the division or partition of towns, or the incorporation of villages. While their provisions are not applicable to situations such as are here involved, they clearly manifest a legislative intent as to what should be done under

similar circumstances. Thus, § 379.06, which relates to partition of towns, provides:

"In case of the division or partition of any town, the funds in its treasury and undistributed town taxes shall be apportioned to the town or towns to which the portions thereof shall be attached, or to the new town or towns established, to the extent the same are collected from the territory so attached or established into a new town. All taxes collected after the *division or partition* of such town shall when collected be paid to the town in which the property upon which the taxes are collected is located; * * *." (Italics supplied.)

Likewise, § 412.081, subd. 3, provides that:

"Upon separation of an existing village from the town or upon incorporation of a village hereafter, if there is any money in the town treasury in excess of its then floating indebtedness, such proportion of the excess as the total assessed valuation of the real and personal property within the village bears to the entire valuation of the town * * * shall belong to the village * * *. All town taxes levied upon property *within the village* before separation and not yet collected or not yet distributed * * * shall be paid to the village * * *." (Italics supplied.)

■ Where similar questions have been presented here, this court has clearly expressed support of the equitable principle that the governmental unit which embraces the property upon which a tax is levied, and which will provide public services for such property, should be entitled to the taxes levied thereon. Thus, in Town of Balkan v. Village of Buhl, 158 Minn. 271, 279, 197 N. W. 266, 269, 35 A. L. R. 470, which involved an invalid annexation proceeding by a village, this court stated:

"* * * plaintiff [town of Balkan] has a clear right to the money in question. It is clearly money which in equity and good conscience belongs to plaintiff and not to defendant. Its retention [by defendant village] would enable defendant wrongfully to enrich itself at the expense of plaintiff—to lower the tax burden of its inhabitants at the expense of those of Balkan. Surely, courts cannot blind themselves to the obvious

equities of such a situation and deny a right so clear as that of plaintiff in favor of a party so much in the wrong as defendant."

In State v. Republic Steel Corp. 199 Minn. 107, 271 N. W. 119, it was held that, while a city organized out of part of a town subsequent to tax levies by such town might not interfere with the tax thus levied, nevertheless, when the tax was collected some equitable division between the town and the city should be possible. Courts of foreign jurisdictions appear to arrive at the same result. See, Humboldt County v. Lander County, 24 Nev. 461, 56 P. 228; Kocsis v. Chicago Park Dist. 362 Ill. 24, 198 N. E. 847, 103 A. L. R. 141.

 In the instant case there is no dispute that the taxes collected were in some measure at least for the purpose of rendering public services to the property against which they had been levied. Likewise, there is no dispute that neither the former town of Minnetonka nor the present village of Minnetonka contemplates rendering any services for the benefit of such property. Nevertheless, the village insists it has the right to retain such taxes. In such a situation the language of this court in Knutson Hotel Corp. v. City of Moorhead, 250 Minn. 392, 396, 84 N. W. (2d) 626, 629, seems applicable; there we held that:

"* * * when the purpose for which money was collected is abandoned, the city stands in the position of holding money which it has no right in equity, good conscience, or common honesty to retain, and, therefore, it must make restitution."

We cannot uphold the contention of defendant village that by succession to the town of Minnetonka it is the inheritor of the taxes resulting from the assessment and levy in question. There is far less basis for saying that the village rather than the city is the successor to the town in so far as the property annexed by the city is concerned. We must concur with the trial court's conclusion that since the village has received tax money assessed and levied against real and personal property outside of its boundaries, for which it intends to render no services and for which it can make no statutory claim, it should not be entitled to retain the same. At the trial, as the order appealed from indicates, it may be determined whether the village can support a claim for any portion thereof by reason of services rendered or otherwise,

but in the absence of evidence thereof, it would seem clear that such taxes should go to the plaintiff.

Affirmed.