STATE v. DUTTON.

[78 South. 146, Division A.]

TAXATION. *Exemptions. Money loaned. Statute. Construction.*

> While money loaned in September, 1911, at five per cent. per annum, should have been assessed to the owner in 1912, under Code 1906, section 4257 (Hemingway's Code, section 6888), fixing the liability for taxable property on February 1st, and section 4264 (Hemingway's Code, section 6898), requiring a statement of property owned on February 1st, to be made to the assessor, still the owner was entitled to exemption from taxes on such loan for the year 1912 since Laws 1912, chapter 251, became effective February 24th, 1912, and this exempted from taxation money loaned at not over six per cent. and the taxes for 1912, were not due and payable when the act went into effect.

APPEAL from the circuit court of Warren county.

HON. E. L. BRIEN, Judge.

Proceedings by the state for the assessment of the property of J. M. Dutton. From a judgment sustaining the finding of the board of supervisors rejecting the assessment, the state appeals.

The facts are fully stated in the opinion of the court.

*W. C. Bowman,* for appellant.

Appellant and appellee in this case present to the court for construction and application the section 1 (w) of chapter 241 of Laws of 1912, approved February 24, 1912, in force from and after its passage, exempting from taxation money loaned at not over six per cent per annum.

Appellant contends that all loans of money made prior to the first day of February, 1912, which remained in force and unpaid on and after the first day of February, 1912, and were solvent credits, were liable and assessable for taxes against the lawful holder thereof for the

year 1912, regardless of the rate of interest borne (whether more or less than 6 per cent by the notes evidencing the same. That the liability for assessment and taxation for the year 1912, of such notes is to be governed and determined by the laws in force and effect on February 1, 1912, and not by laws subsequently enacted creating an exemption, unless such subsequent law is clearly and unequivocally by its express terms retroactive. The act of February 24, 1912, is not retroactive, either expressly nor by implication.

Appellee, as shown by the record and order of board of supervisors, contends that, although not approved and in force until February 24, 1912, said act exempts from assessment and taxation for the year 1912 loans made prior to February 1, 1912.

The loan made by appellee, DUTTON, J., was made and the notes evidencing the same are dated September 11, 1911, and bore five per cent interest.

The state revenue agent caused the same to be assessed for the year 1912, only; he did not cause any assessment to be made for any subsequent year. Our whole contention in this case is that since Dutton was a resident of Warren County on February 1, 1912, and that on said date there was no law exempting from taxation money loaned at six per cent. or less, the solvent credit was subject to taxation for the year 1912, and passage of a law approved February 24, 1912, could not and does not affect the taxable *status* of this item for the year 1912, because it was a just and proper subject for taxation on February 1, 1912, and a law subsequently passed can in no manner change the *status* of this property for that year.

In our judgment it is only necessary to cite the case of *Adams* v. *Lamb-Fish Lumber Company*, recently decided by this court (75 So. 379), which case it seems to us, clearly settles the question involved here. In that case the court first called attention to section 4257,

Code 1906, reading as follows: "All taxable property brought into the state or acquired or held by any person before the first day of February shall be assessed and taxes thereon paid for the current year." The court next referred to section 4258 providing "where persons and property assessed," and then section 4264 which provides for the listing of all property possessed on February 1st, of each year, and then the court refers to section 4255 which is entitled: "Taxes a lien, from what date," and which section provides in part that "all taxes assessed shall be a lien upon and bind the property assessed, from the first day of February of the year in which the assessment is made."

The court says further in the above decision: "It is clearly the scheme of taxation in this state, as enunciated by the above sections of the code, that all assessments of property shall be made as of February 1st, of that year. The question to be answered by the taxpayers is: What property did you own on the first day of February of this year? The liability of the property to taxation attaches on February 1st.

"It is essential that there should be a certain date fixed by law for taxation of property and our laws have fixed this date February 1st." Ib. "The case of *McHenry Baptist Church* v. *McNeal*, 86 Miss. 22, holds that property which was not exempt from taxation February 1st, and which was sold to appellant in August, before the assessment and levy of taxes were made, was not exempt from taxation for that year, despite the fact that property owned by the church was exempt from taxation, "since the property was subject to taxation on February 1st, then the liability of the owner of the property to pay taxes for that year attached on that day."

In the above mentioned case of *McHenry Baptist Church* v. *McNeal*, 86 Miss. 22, the court said in part: "The act cited was not intended to have any retroactive effect and as it does not expressly exempt prop-

erty from taxation for the year 1910, its terms cannot be extended by strained construction. Exemptions by implication are not countenanced.''

And, we respectfully submit that the above case is in line with the present one. The Act of February 24, 1912, does not expressly exempt property for the year 1912, and since the property became a fixed subject for taxation on February 1st, this Act cannot be retroactive and in any manner affect that assessment.

If the act of February 24, 1912, could be taken as retroactive and release from taxation all money loaned on February 1, 1912, at a rate of interest not exceeding six per cent, then would it not be just as properly the law to permit a taxpayer holding eight per cent securities on February 1st, of any year, to afterwards reduce the rate of interest to six per cent and ask exemption for that year? If contention of appellee is correct in this case, then a party holding six per cent securities on February 1, 1912, obtained exemption from taxation thereon by virtue of the act of Feb. 24, 1912, while a party holding eight per cent securities on February 1, 1912, and who reduced the interest rate to six per cent on February 2, 1912, would receive no benefit from this act subsequently passed.

If a law passed on February 24th, of one year, can affect the *status* of property on February 1st of that year, then some other law of March or April or May can do the same thing, and if a law touching exemptions can have retroactive effect, then laws affecting taxation in general can have the same construction, and we get into a stream of endless confusion.

We therefore respectfully submit that the decision of the court below should be reversed, and the property in question should, by decree of this court, be held liable for taxes for the year 1912.

*Brunini, Hirsch & Griffith,* for appellee.

This record presents a narrow question: Was the loan exempt from taxation for the year 1912 under the Act of 1912? Section 4251 of the Code of 1906, as amended by chapter 241 of the Laws of 1912 reads as follows:

"4251. What property exempt.—The following property, and no other, shall be exempt from taxation to-wit:

"(A) ...............................................

"(W) All state, county and municipal, levee or school bonds or other government obligations issued after the first day of April, 1906, and all notes and evidences of indebtedness bearing a rate of interest not greater than six per cent per annum and all money loaned at a rate of interest not exceeding six per cent per annum shall be exempt from taxes of any character whatever."

By section two of said Act it is further expressly provided: "That this act shall take effect and be in force from and after its passage."

The foregoing Act was approved February 24, 1912. In order to accurately determine the legislative intention, it is essentially and fundamentally our duty to examine all of the facts which must have been before the legislative mind at the time of the enactment and with these facts before it what the legislature actually did.

(A) Section 4257. What date fixes liability to taxation. —All taxable property brought into the state or acquired or held by any person before the first day of February shall be assessed, and taxes thereon paid for the current year.

(B) Section 4266, was before the legislative mind.

"4266. Assessment of money loaned, etc.—Every person, resident or nonresident, whether corporate or otherwise, and the agent of such nonresident, having money loaned at interest in this state, or employed in the purchase or discount of bonds, notes, bills, checks

or other securities for money, or employed in any kind of trade or business, shall be taxable for the same in the county in which such person may reside, or have a place of business, or be temporarily located at the time of the assessment.''

(C) Section 4291 of the Code was before the legislative mind.

''4291. Return of assessments; affidavits to them.—The assessor shall complete the assessment and deliver the roll or rolls to the clerk of the board of supervisors on or before the first Monday of July in each year..............''

(D) Section 4297 of the Code was before the legistative mind.

''4297. Objections heard and rolls examined.—The board of supervisors of each county shall hold a meeting at the courthouse, or at the chancery clerk's office in counties where the chancery clerk's office is in a building separate from the courthouse, on the first Monday of August, to hear objections to the assessment and to examine the same ..............''

(E) Section 4314 of the Code was before the legislative mind.

''4314. Collection of taxes, on receipt of the assessment rolls the collector shall immediately proceed to collect the taxes, adding the county tax due by each person to his state tax and collecting all together; and it shall be the duty of every person assessed to pay his taxes to the collector on or before the fifteenth day of December.''

(F) That it was, therefore, before the legislative mind that February 1st was the date of liability for taxation; that the assessment on money loaned would be made against the taxpayer sometime thereafter at the place of his residence, or where he might temporarily be located at the time of the assessment; that the assessor would make his returns on assess-

ments at the July meeting of the board of supervisors; that the board of supervisors would pass finally on the same at its August meeting; and that, therefore, the tax payer, on or before December 15th, must pay his taxes to avoid damages.

(G) That the legislature having all of the foregoing facts before it and in mind did on the 24th day of February, 1912, enact that "all money loaned at a rate of interest not exceeding six per cent. per annum shall be exempt from taxes of any character whatever," and furthermore expressly provided that the exemption should, "take effect and be in force from and after February 24, 1912."

(H) That the legislature did not say: "That money loaned hereafter at a rate of interest not exceeding six per cent. per annum shall be exempt from taxes of any character whatever."

(I) That the legislature did not say that the Act was not to apply to the taxes of 1912, which were not yet assessed.

(J) That the legislature did not say that the Act was to become effective from and after January 1, 1913.

(K) That the legislature did not say that the Act was to be effective from February 24, 1912, until January 1 or February 1, 1913.

(L) That the legislature, however, did expressly say that the exemption was to become effective February 24, 1912.

(M) That the legislature knew that the only way to make the Act effective from and after its passage, February 24, 1912, was to exempt all money loaned at a less rate of interest than six per cent. per annum for the year 1912.

(N) That it is evident from all of the surrounding facts bearing on the subject that the legislature not only intended to make the Act effective as to the taxes of 1912, but did in fact so provide.

We submit in all confidence that the Act expressly exempts ''money loaned at a rate of interest not exceeding six per cent. per annum for the year 1912.''

Appellee asserts in his brief: ''In our judgment, it is only necessary to cite the case of *Adams* v. *Lamb-Fish Lumber Company,* 75 So. 379, which case, it seems to us, clearly settles the question involved, here.''

In answer, we affirm with equal ·confidence that a cursory reading of the facts in that case will demonstrate that it has absolutely no application whatever to the issue involved in the case at bar. In that case liability for municipal taxes, was denied by the taxpayer on the ground that the property involved was excluded from the limits of the city by city ordinance enacted on May 1st.

Appellee has never claimed, and does not now claim, that section 4257 of the Code is to be construed to mean anything other than what it plainly and literally says. That the liability of the property to taxation in this state attaches on February 1st is the meaning of the statute is not gainsaid. What is contended, however, by appellee successfully before the board of supervisors and the lower court is that the Act of 1912 applies by express terms to money loaned at a rate of interest not exceeding six per cent. per annum for the year 1912, for the very simple reason that the act is made effective from and after its passage February 24, 1912, and that it could not be made effective from that date, if given any other construction. The power of the legislature to relieve from taxation by exemption cannot now be successfully questioned, and this too even though the liability to taxation was fixed as of February 1st. There is nothing whatever in the case of *Adams* v. *Lamb-Fish Lumber Company, supra,* to the contrary.

The case of *McHenry Baptist Church* v. *McNeal,* 86 Miss. 22, is different from the case at bar by the facts. In the former, the act upon which the church relied for

exemption from taxation was approved on the 12th day of March, 1900, but on March 12, 1900, the church did not own the property. It did not purchase until August, 1900. If the church had purchased the property on September 11, 1899, and continued to be the owner thereof, until chapter 50 of the Laws of 1900, we would have a case parallel in fact to the one at bar.

SYKES, J., delivered the opinion of the court.

The appellant prosecutes this appeal from a judgment of the circuit court, which judgment sustained and approved the finding of the board of supervisors of Warren county, rejecting an attempted assessment for taxation against the appellee upon the following state of facts: Appellee, on September 11, 1911, loaned to E. W. Jones six thousand one hundred dollars, for which he took Jones' notes which bore interest at the rate of 5 per cent. per annum. On the 24th day of February, 1912, chapter 241, Laws of 1912, became effective. Among other things, this law, in brief, exempted from taxation money loaned at not over six per cent. per annum. Section 2 of this act expressly provides "that this act shall take effect and be in force from and after its passage." In December, 1916, the sheriff of Warren county, by order of the state revenue agent, made, by way of an additional assessment for back taxes upon solvent credits, money loaned, etc., which had escaped taxation by reason of not having been previously assessed, an assessment against appellee for the year 1912 for the loan above mentioned. The appellee contested before the board of supervisors this assessment, basing his contention upon the fact that under chapter 241, Laws of 1912, this loan was exempt from taxation for that year. The board of supervisors sustained the contention of appellee, and ordered the assessment against him, based on this loan, to be stricken from the rolls.

It is the contention of appellant that, under section 4257, Code of 1906 (section 6888, Hemingway's Code), since these notes were held by appellee on and before the 1st day of February, 1912, they were to be assessable to him and that taxes thereon should be paid for that year. It is further contended that under section 4264, Code of 1906 (section 6898, Hemingway's Code), which provides for the listing of all personal property possessed on February 1st of each year, these notes became assessable and liable for taxes for that year; that this liability had arisen before the above statute became effective, and that this law is not retroactive, and, consequently, did not apply to loans of that character. Appellant relies upon the cases of *Adams* v. *Lamb-Fish Lumber Co.*, 114 Miss. 534, 75 So. 379, and *McHenry Baptist Church* v. *McNeal*, 86 Miss. 22, 38 So. 195.

It is true that this loan should have been assessed to the appellee by the assessor under the above sections of the Code. When this act was passed by the legislature it knew of these sections of the Code. It also knew that at the time of the passage of the act the taxes were not due or collectable. It also knew that the assessment roll of the assessor was not then due to be returned to the board of supervisors. The meaning of the act, in our judgment, is plain. The act expressly provides that "all money loaned at a rate of interest not exceeding six per cent. per annum shall be exempt from taxes of any character whatever;" and, further, it is provided that the act "take effect and be in force from and after February 24, 1912." The intention of the act was to exempt from taxes money loaned at this rate of interest from and after its passage. If the assessor had assessed this loan, then the appellee could have been relieved of this assessment before the taxes were collected, at any time after the passage of the act. It therefore became unnecessary for the board of supervisors to

assess this property when, under the express provisions of the act, no taxes could be collected upon the assessment. The case is altogether different from the two cases above mentioned, relied upon by the appellant. The judgment of the lower court is affirmed.

*Affirmed.*