THE PEOPLE *ex rel.* CHARLES H. KASSABAUM, Putnam County Treasurer and Ex-Officio County Collector, Plaintiff-Appellant, *v.* ARCHIBALD W. HOPKINS *et al.*, Defendants-Appellees.

Third District   No. 3—83—0164

Opinion filed November 9, 1983.

Norman K. Raffety, State's Attorney, of Hennepin (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for appellant.

Walter Durley Boyle, of Boyle & Goldsmith, of Hennepin, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

In January 1980 the taxpayer-appellee constructed a hog confinement building upon real property owned by the taxpayer. Livestock waste management facilities were constructed appurtenant to the hog confinement building. On October 23, 1981, the taxpayer applied for certification as a pollution control facility for the waste management facilities by filing an application with the Illinois Environmental Protection Agency (Illinois EPA) under section 21a—5 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 502a—5). Certification as a pollution control facility was granted by the Illinois EPA on December

16, 1981. The Illinois Department of Revenue received the certification on December 23, 1981. On May 10, 1982, the Illinois Department of Revenue Property Tax Administration Bureau notified the Putnam County Supervisor of Assessments to remove the waste management facilities from the local tax assessment rolls as of January 1, 1982.

The taxpayer's assessment for 1981 included the value of the waste management facilities. Of the $9,005 in taxes due for 1981, $1,558 was attributable to the waste management facilities. The taxpayer paid the full amount of 1981 taxes under protest. On August 31, 1982, the taxpayer objected to the assessment for 1981 on the basis that the waste management facilities should have been removed from the tax rolls as a certified pollution control facility. An abatement of $1,558 was sought.

Following a hearing, the taxpayer's objection was allowed on February 15, 1983. The county collector appealed.

The question before us is whether the trial judge correctly determined that the taxpayer's 1981 application for certification as a pollution control facility for his waste management facilities entitled him to an abatement for the 1981 tax year. We find no error in the trial judge's determination.

■ The Revenue Act of 1939 provides in pertinent part as follows:

"*** Application for a pollution control facility certificate shall be filed with the Pollution Control Board. *** The effective date of a certificate shall be the date of the making of the application for the certificate or the date of the construction of the facility, whichever is later." (Ill. Rev. Stat. 1981, ch. 120, par. 502a—5.)

In the case at bar, the taxpayer constructed the facility in January 1980. He applied for the certificate in October 1981. Obviously, the 1981 date takes precedence over the 1980 construction date. By ordinary rules of statutory construction, the taxpayer was entitled to an abatement for the 1981 tax year.

The State argues, however, that the legislature did not intend to create a retroactive effect to the certification process for a pollution control facility. In support of its argument, the State points to the certification procedure for a low sulphur dioxide emission coal fueled device under sections 21a—9 through 21a—13 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, pars. 502a—9 through 502a—13). There the legislature specifically provided that the effective date of a certificate shall be on January 1 preceding the date of certification or preceding the date of construction or installation of the device, which-

ever is later. The State contrasts this specific provision for retroactive effect with the absence of any such retroactive language in the Revenue Act of 1939 sections applicable to pollution control facilities.

■ The State has not cited to any case law in support of its position, and we find none. The absence of specific retroactive language in section 21a—5 of the Revenue Act of 1939 does not bar retroactive application of its provisions. The plain meaning of the language in the statute, when applied to the instant facts, is that the effective date of the certificate shall be the date of the making of the application for certification, that is, 1981.

Trial court exhibit No. 7, which is a letter from the Department of Revenue to the State's Attorney of Putnam County, refers to a policy adopted by the Department which holds that any certification received for a pollution control facility (other than for a low-sulfur-dioxide-emission coal-fueled device) that has an application date after January 1 in any given year will have its first assessment date as of the next January 1. The letter states that this policy is not part of the statutes or Department rules but that it is to be part of a procedures manual under preparation for the Department.

■ In the trial court and on appeal, the taxpayer argued that this policy is invalid and, for that reason, the Department's decision, based on that policy, to lower the taxpayer's assessment effective January 1, 1982, was improper. We agree that the date selected by the Department for the lowering of the taxpayer's assessment was improper. The effective date should have been January 1, 1981. We reach this conclusion based on the language of the applicable statute.

For the reasons stated, the judgment of the circuit court of Putnam County is affirmed.

Affirmed.

STOUDER, P.J., and SCOTT, J., concur.