(No. 59448.—

THE PEOPLE *ex rel.* CHARLES H. KASSABAUM, County Treasurer, Appellant, v. ARCHIBALD W. HOPKINS *et al.*, Appellees.

*Opinion filed May 24, 1985.*

Norman K. Raffety, State's Attorney, of Hennepin, and John X. Breslin, of the State's Attorneys Appellate Service Commission, of Ottawa, for appellant.

Walter Durley Boyle, of Boyle & Goldsmith, of Hennepin, for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Charles H. Kassabaum, county treasurer and *ex-officio* collector of Putnam County, appealed from the judgment entered in the circuit court of Putnam County in favor of defendants, Archibald W. Hopkins, Thomas D. Hopkins and Robert B. Hopkins. The appel-

late court affirmed (119 Ill. App. 3d 475), and we allowed plaintiff's petition for leave to appeal (94 Ill. 2d R. 315(a)). The facts are adequately set forth in the opinion of the appellate court and will be stated here only to the extent necessary to discuss the issues.

In January 1980, defendants constructed livestock-waste-management facilities and on October 23, 1981, pursuant to section 21a—5 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 502a—5), filed an application with the Environmental Protection Agency for certification as a pollution-control facility. On May 10, 1982, the Department of Revenue instructed the supervisor of assessments of Putnam County to remove defendants' waste-management facilities from the local tax assessment rolls as of January 1, 1982. On August 31, 1982, defendants paid 1981 property taxes under protest and filed timely tax objections. The 1981 tax bill on defendants' real estate was $9,005, of which they sought to abate $1,558.

Defendants contend that because the effective date of the certificate was October 23, 1981, they were entitled to an abatement for the 1981 tax year. The appellate court agreed, holding that the absence of retroactive language in section 21a—5 did not bar retroactive application of its provisions. Section 21a—5, in pertinent part, provided:

> "Application for a pollution control facility certificate shall be filed with the Pollution Control Board. *** Such certificate shall require tax treatment as a pollution control facility in conformity with this State's taxing provisions providing for such treatment, but only for the portion certified if only a portion be certified. The effective date of a certificate shall be the date of the making of the application for the certificate or the date of the construction of the facility, whichever is later." (Ill. Rev. Stat. 1981, ch. 120, par. 502a—5.)

The appellate court reasoned that the "plain meaning of the language in the statute, when applied to the instant facts, is that the effective date of the certificate shall be the date of the making of the application for certification, that is, 1981." (119 Ill. App. 3d 475, 478.) Without citation of authority, it concluded that, "[b]y ordinary rules of statutory construction" (119 Ill. App. 3d 475, 477), the taxpayers were entitled to an abatement for the 1981 tax year.

Plaintiff contends that certification of the pollution-control facility after the January 1 statutory assessed valuation date did not entitle defendants to a change in assessed valuation for that tax year. He contrasts the certification process of a pollution-control facility to the certification process of a low-sulphur-dioxide-emission coal-fueled device under section 21a—9 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 502a—9 *et seq.*). He points out that the General Assembly specifically provided that the effective date of a certificate for special tax treatment of a low-sulphur-dioxide-emission coal-fueled device shall be on January 1 preceding the date of certification, whereas section 21a—5 contains no such provision. This dissimilarity, he asserts, shows that had the General Assembly intended section 21a—5 to apply retroactively, it would have been a simple matter to so state. We agree.

The rule that provisions granting tax exemptions are to be strictly construed and that taxation is the rule, exemption the exception (*Rogers Park Post No. 108 v. Brenza* (1956), 8 Ill. 2d 286), should apply to special tax treatment. *Commonwealth Edison Co. v. Property Tax Appeal Board* (1984), 102 Ill. 2d 443, 459.

Sections 27a and 43 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, pars. 508a, 524) provide that real estate shall be assessed in the name of the owner and at the value as of January 1. (*Doran v. Cullerton*

(1972), 51 Ill. 2d 553.) The status of property for taxation and the liability to taxation is fixed on that date, and property subject to taxation on assessment day in any year is liable for the taxes for that year even though it may subsequently, during that year, become exempt from taxation. *People v. Catholic Bishop* (1924), 311 Ill. 11, 17.

We perceive no reason why this rule, applicable to exemptions, should not also apply to preferential tax treatment given to taxpayers owning pollution-control facilities. On the January 1, 1981, assessment date, taxpayers had not yet attained their preferential tax status because they had not yet been certified. They were therefore not entitled to such preferential assessment until the assessment date (January 1, 1982) following certification of the pollution-control facility.

Our conclusion is consistent with the authorities that hold that legislation creating exemptions will not be applied retroactively unless that purpose plainly appears. (*Claridge Apartments Co. v. Commissioner* (1944), 323 U.S. 141, 164, 89 L. Ed. 139, 153, 65 S. Ct. 172, 185; *People v. Deutsche Gemeinde* (1911), 249 Ill. 132, 138.) Section 21a—5 contains no language which suggests the intent of the General Assembly to give the certification process a retroactive application.

For the reasons stated, the judgments of the appellate and circuit courts are reversed and the cause is remanded to the circuit court of Putnam County for further proceedings consistent with this opinion.

*Judgments reversed;*
*cause remanded.*