Ms. Katie D. Tucker Executive Director Department of Revenue 102 Carlton Building Tallahassee, Florida 32399-0100
Dear Ms. Tucker:
You ask substantially the following question:
 Are property appraisers authorized to grant ad valorem tax exemptions provided in Ch. 88-293, Laws of Florida, for the 1989 tax year to widowers who meet the qualifications for the exemption on January 1, 1989?
In sum, I am of the opinion that:
 The ad valorem tax exemption for widowers provided in Ch. 88-293, Laws of Florida, takes effect January 3, 1989. Inasmuch as real property is assessed on, and the taxable status of the property determined as of, January 1 of each year, the exemption provided in Ch. 88-293, supra, does not apply to the 1989 tax year.
Chapter 88-293, Laws of Florida, amends s. 196.202, F.S., to extend the property tax exemption provided therein to widowers who are bona fide residents of this state.[1] The amendment to s.196.202, F.S., "shall take effect upon the effective date of a joint resolution amending Section 3 of Article VII of the State Constitution to extend the tax exemption provided therein to widowers."
The Committee Substitute for Senate Joint Resolution Nos. 318 and 356, approved by the electorate at the November 1988 general election, amends s. 3, Art. VII, State Const., to extend the property tax exemption for widows to widowers as well. The effective date for this amendment to s. 3, Art. VII, of the State Constitution is the first Tuesday after the first Monday in January following the election, i.e., January 3, 1989.[2] The $500 property tax exemption for widowers thus becomes effective two days after the property is assessed for the tax year.
You state that the Florida courts have not yet considered whether a tax exemption which becomes effective after January 1 is applicable to that tax year in the absence of a specific legislative directive. Chapter 88-293, Laws of Florida, does not expressly provide for its applicability to the 1989 tax year.[3]
As a general proposition, statutes, in the absence of a clear expression of legislative intent to the contrary, are not to be applied retroactively.[4] Moreover, as you note, exemptions to taxing statutes are to be strictly construed against the party claiming them.[5] You refer, however, to a decision of the Supreme Court of Georgia in Rayle Electric Membership Corporation v. Cook,[6] in which the Court permitted a subsequently effective exemption to be applied during the current tax year. The Court reasoned that since the tax levy process had not been completed upon the effective date of the exemption, the exemption could be applied to the current tax year:
 Since the word "taxation" ordinarily includes a determination of the rate of levy and the imposition of the levy, as an essential part of the sovereign power and process . . . it follows that property will not ordinarily be deemed as taxed until the tax has been levied.[7]
In Florida, January 1 is the date that the taxable status of property is to be determined.[8] As The Supreme Court of Florida stated in Dade County Taxing Authorities v. Cedars of Lebanon Hospital Corp., Inc.,[9] "[t]his is the date on which the tax assessor determines whether a particular parcel of property is entitled to exemption from taxation for the tax year."[10] January 1 is also the date for the property tax lien.[11]
Although an individual pursuant to s. 196.011(1), F.S., has until March 1 of each year to file an exemption application,[12] the taxable status of the property and an individual's entitlement to an exemption is determined as of January 1. On January 1, 1989, no exemption for widowers will exist. Although the exemption becomes effective two days later, this office cannot retroactively apply the exemption to property the taxable status of which was determined on January 1, 1989. To conclude otherwise would place this office in the position of determining in the absence of a statute when such cutoff date would be.
Accordingly, in the absence of judicial decision to the contrary by a Florida court, this office must conclude that the exemption for widowers which becomes effective after the assessment of property on January 1, 1989, is not applicable for the 1989 tax year. In light of the case law in other jurisdictions, however, you may wish to consider seeking a declaratory judgment on this matter.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 1, Ch. 88-293, Laws of Florida. As amended, s.196.202, F.S., provides: Property to the value of $500 of every widow, widower, blind person, or totally and permanently disabled person who is a bona fide resident of this state shall be exempt from taxation. Prior to its amendment, s. 196.202, F.S., provided a tax exemption only for widows, blind persons and persons totally and permanently disabled who are bona fide residents of this state.
[2] See, 5(c), Art. XI, State Const., which provides that "[i]f the proposed amendment or revision is approved by vote of the electors, it shall be effective as an amendment to or revision of the constitution of the state on the first Tuesday after the first Monday in January following the election, or on such other date as may be specified in the amendment or revision." The Committee Substitute for Senate Joint Resolution Nos. 318 and 356 does not specify an effective date.
[3] Compare, e.g., Ch. 86-177, Laws of Florida, amending s.196.091, F.S., providing an exemption for disabled veterans confined to wheelchairs, which stated in s. 12 that the amendment was "[e]ffective January 1, 1987, and applicable to the 1987 assessment rolls and to each assessment roll thereafter . . ."; Ch. 86-177, Laws of Florida, amending s. 196.101, F.S., providing an exemption for totally and permanently disabled persons, which was "[e]ffective January 1, 1987, and applicable to the 1987 assessment rolls and to each assessment roll thereafter. . . ."
[4] See, e.g., Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985) (in absence of explicit legislative expression to the contrary, a substantive law is to be construed as having a prospective effect only); VanBibber v. Hartford Accident Indemnity Insurance Co.,439 So.2d 880 (Fla. 1983).
[5] See, e.g., Dade County Taxing Authorities v. Cedars of Lebanon Hospital Corp., Inc., supra; Adams Construction Equipment Company v. Hausman, 472 So.2d 467 (5 D.C.A Fla., 1985) (tax exemptions are to be strictly construed against party claiming them).
[6] 25 S.E.2d 574 (Ga. 1943).
[7] 25 S.E.2d at 575. See also, State v. Dutton, 78 So. 146
(Miss. 1918). But see, People ex rel. Kassabaum v. Hopkins,478 N.E.2d 1332, 1333 (Ill. 1985), stating:
 The status of property for taxation and the liability to taxation is fixed on that date [January 1] and property subject to taxation on assessment day in any given year is liable for the taxes for that year even though it may subsequently, during that year, become exempt from taxation.
And see, In Re American Fine Arts Society, 39 N.Y.S. 564
(N.Y.Ct.App.1896), affirmed, 45 N.E. 1131 (N.Y.1896); and Aetna Insurance Co. v. Mayor, Etc., of City of New York, 40 N.Y.S. 120
(N.Y.Ct.App.1896), affirmed, 47 N.E. 593 (N.Y.1897), concluding that since the character of property as to its being subject to tax for that year became fixed on May 1, a legislative act effective on May 3, relieving the property from taxation and having no retroactive effect could not affect the taxable condition of property for that year.
[8] See, s. 192.042(1), F.S., which requires all real property to be assessed according to its just value on January 1 of each year.
[9] 355 So.2d 1202, 1204 (Fla. 1978).
[10] See also, Overstreet v. Ty-Tan, Inc., 48 So.2d 158
(Fla. 1950). Cf., AGO 57-377 concluding that where the property was held as exempt property on January 1, the subsequent sale and conveyance of the property on January 15 did not affect its entitlement to the tax exemption for the entire year.
[11] See, s. 197.122, F.S., providing that all taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed and shall continue in force from January 1 of the year the taxes were levied until discharged by payment or until barred by Ch. 95, F.S.
[12] See, s. 196.011(1), F.S., which provides:
 Every person or organization who has the legal title to real or personal property, except inventory, which is entitled by law to exemption from taxation as a result of its ownership and use shall, before March 1 of each year, file an application for exemption with the county property appraiser, listing and describing the property for which exemption is claimed and certifying its ownership and use. . . . Failure to make application, when required, by March 1 of any year shall constitute a waiver of the exemption privilege for that year, except as provided in subsection (7).